DECISION AND JUDGMENT
{¶ 1} Pursuant to 6th Dist. Loc. App. R. 12(A), this appeal from a judgment of the Lucas County Court of Common Pleas is reassigned to the court's accelerated docket.
 {¶ 2} Briefly, appellant, Joseph R. Poland, pled no contest to and was found guilty of one count of possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(c), a felony of the third degree and to one count of possession of heroin, a *Page 2 
violation of R.C. 2925.11(A) and (C)(6)(c), a felony of the first degree. After holding a hearing, the trial judge sentenced appellant: (1) to serve a mandatory one year in prison and imposed a mandatory $5,000 fine for the violation of R.C. 2925.11(A) and (C)(4)(c); and (2) to serve a mandatory four years in prison and to pay a mandatory fine of $10,000 for the violation of R.C. 2925.11(A) and (C)(6)(c). The court further ordered the sentences to be served consecutive to each other. Appellant appeals his sentence and sets forth the following assignments of error:
 {¶ 3} "1. Appellant's sentence is unconstitutional because the trial court made findings of fact in order to support a sentence that was consecutive and not the shortest available."
 {¶ 4} "2. Appellant's trial counsel provided ineffective assistance of counsel by failing to object to the constitutionality of the sentence."
 {¶ 5} In his first assignment of error, appellant contends that, due to the Ohio Supreme Court's ruling in State v. Foster, 109 Ohio St.3d 1, the trial court erred by making impermissible judicial factual findings in imposing nonminimum and consecutive sentences[1]. Specifically, appellant asserts that at his sentencing hearing the trial court "highlighted" the amount of drugs found, the fact that "guns" were involved, and the fact that Poland was free on bond at the time the second offense occurred. Nonetheless, appellant never objected to any of the purportedly impermissible findings made by the *Page 3 
trial court. Therefore, the law governing this cause is found inState v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642.
 {¶ 6} The Payne court was confronted with a case in which the trial court improperly engaged in judicial factfinding in sentencing the defendant to more than the maximum sentence. Id. at ¶ 1. Because the defendant failed to object to his sentence at trial, the court was required to determine whether this failure to object forfeited the right to raise that error on appeal. Id. After an analysis of whether such a constitutional error is a structural error, the Supreme Court of Ohio concluded that it was not and, therefore, the defendant's allegation would be reviewed under a plain error analysis pursuant to Crim. R. 52(B). Id. at ¶ 20. The court held:
 {¶ 7} "No plain error occurred. Payne cannot establish that but for the [Foster] error, he would have received a more lenient sentence. See Crim. R. 52(B). Indeed, Foster represents a Pyrrhic victory for Payne and other defendants affected by its holding. Although defendants were successful in arguing the unconstitutionality of the sections of the statues that required judicial factfinding [for certain sentences], we did not adopt their proposed remedy of mandatory [sentencing]. SinceFoster, the trial courts must no longer navigate a series of criteria that dictate the sentence and ignore judicial discretion."
 {¶ 8} "Payne, therefore, has failed to establish that he was prejudiced by the judicial fact-finding requirements. If Payne were to be resentenced, nothing in the record would hinder the trial court from considering the same factors it previously had been *Page 4 
required to consider and imposing the same sentence or even a more stringent one." Id. at ¶ 25-26. See, also, State v. Gaston, 6th Dist. No. L-06-1183, 2008-Ohio-1183, ¶ 18-19.
 {¶ 9} Accordingly, appellant's first assignment of error is found not well-taken. Appellant's second assignment of error is rendered moot by our disposition of his first assignment of error.
 {¶ 10} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Thomas J. Osowik, J., CONCUR.
[1] In Foster, the Ohio Supreme Court determined that certain sections of Ohio's sentencing statutes were unconstitutional because they required judicial factfinding in imposing, inter alia, nonminimum and consecutive sentences. Id. at paragraph one of the syllabus. *Page 1