**CITY OF DAYTON, Appellee,**

**v.**

**SALMON, Appellant.**

[Cite as *Dayton v. Salmon* (1996), 108 Ohio App.3d 671.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 4798.

Decided Jan. 24, 1996.

672

*J. Anthony Sawyer*, Director of Law, *John J. Scaccia*, Chief Prosecutor, and *Perry L. Pelaez*, Assistant City Prosecutor, for appellee.

*R. David J. Scacchetti*, for appellant.

GRADY, Judge.

This is an appeal from an order denying a motion to seal the record of a criminal conviction which was made pursuant to R.C. 2953.32.

Defendant Thomas L. Salmon was charged in 1980 with public indecency. The charge was dismissed, with prejudice, for failure to prosecute it in a timely manner. Records of that proceeding were subsequently sealed by the court pursuant to its inherent authority to do so. See *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 20 O.O.3d 334, 421 N.E.2d 1303.

Defendant Salmon was charged in November 1993 with soliciting, a violation of a criminal ordinance of the city of Dayton. He was convicted after a trial in December 1993.

On January 13, 1995, defendant Salmon made application pursuant to R.C. 2953.32 for an order sealing the records of his conviction for soliciting. Salmon's affidavit setting forth the grounds for that relief was attached to his motion. The court set the motion for hearing on February 14, 1995.

Salmon argues on appeal that no hearing was held on his application. That is not apparent from the record. However, the record contains a letter to the court from its Chief Probation Counselor dated February 13, 1995, which states:

"Reference is made to the captioned defendant's Motion For Expungement. Please be advised that the Probation Department has conducted an investigation relative to this matter.

"The B.C.I./N.C.I.C. inquiry revealed no criminal history regarding the defendant. However, Dayton Police Department records indicate that Mr. Salmon was arrested and charged with Public Indecency (80CRB1211). It has been determined from Court records that this particular case was expunged.

"This defendant is not a first time offender, and has had the benefit of a prior expungement. Therefore, the Probation Department respectfully recommends that the matter in question not be expunged."

By decision and entry dated March 23, 1995, the trial court denied Salmon's motion, stating:

"This cause came before the court on defendant's motion for expungement pursuant to R.C. 2953.31, et seq. This statute allows first offenders in the State of Ohio to seek the expungement and sealing of their criminal records.

"Under exceptional circumstances, a court may order expungement of all police and judicial records where a criminal complaint was brought against an accused but later dismissed with prejudice. *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 20 O.O.3d 334 [421 N.E.2d 1303]. Defendant has been the beneficiary of such an expungement for a charge of public indecency in violation of RCGO 136.02 in Case No. 80 CRB 1211 which was dismissed for the City's failure to bring the case to trial in a timely manner.

"The issue is whether defendant is a 'first offender' as contemplated by the statute. While defendant has never been convicted, he has utilized the expungement statute which clearly is to be used only one time by the same individual. Clearly, an expungement is not automatic, rather the court must balance the individual's right to privacy with the State's need to maintain records of criminal proceedings. *Id.* at [syllabus]. Using this balancing test, this court finds that the defendant has had one opportunity to maintain his privacy and at that time it is in the best interest of the state to keep a record of this activity by this defendant.

"Therefore, based on the foregoing, the Court finds defendant's motion to expunge to be not well taken and the same is hereby DENIED."

Salmon filed a timely notice of appeal from the order of March 23, 1995, he presents a single assignment of error:

"The trial court erred when it determined that Mr. Salmon was not eligible for statutory expungement because he was not a 'first offender' under R.C. 2953.31."

R.C. 2953.32(B) requires a court to which an application is made to seal the records of a criminal case to set the matter for hearing, to notify the prosecutor, and to direct its probation officer to make inquiries and file a written report concerning the application. Paragraph (C)(1) of the statute provides:

"The court shall do each of the following:

"(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case;

"(b) Determine whether criminal proceedings are pending against the applicant;

"(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

"(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

"(e) Weigh the interests of the applicant in having the records pertaining to his conviction sealed against the legitimate needs, if any, of the government to maintain those records."

If none of those matters is determined adverse to the applicant, then pursuant to R.C. 2953.32(C)(2) the court "shall order all official records pertaining to the case sealed."

The threshold issue in any proceeding on an application to seal the records of a criminal conviction is whether the applicant is qualified for "first offender" status. The term is defined by R.C. 2953.31(A), which states:

" 'First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction."

The state does not dispute that defendant Salmon qualifies as a "first offender," his prior expungement notwithstanding. That expungement was not pursuant to R.C. 2953.32, but was ordered by the court itself pursuant to its inherent powers. More significantly, the public indecency charge never culminated in a *conviction*, that is, a judicial determination of the defendant's criminal liability arising out of the conduct alleged. Therefore, neither the 1980 charge of public indecency nor the expungement of the record of that proceeding disqualifies Salmon from classification as a "first offender."

It appears from the record that the written report of its probation officer may have misled the trial court concerning Salmon's first offender status and influenced the court's decision to deny his application. Even if it did, however, the court's written decision suggests that it went beyond that issue to conduct the inquiry required by R.C. 2953.32(C)(1) and rejected Salmon's application. We believe that the trial court erred in that respect.

 The trial court weighed the interests of the government in maintaining the records of Salmon's 1980 public indecency charge against Salmon's prior exercise of his "one opportunity to maintain his privacy." Had Salmon's exercise of that opportunity involved a conviction, he could not qualify as a first offender. It did not, however, and absent the factor of a prior conviction the earlier expungement or sealing of Salmon's record has no bearing on his current application. That is not to say that the court may not consider the facts concerned in the prior public indecency charge in making the determinations required of it by R.C. 2953.32, but because the statute takes no account of a prior expungement order in the determinations, it mandates that the court may not consider the expungement order in making those determinations. The trial court erred when it varied from them to deny Salmon's motion.

The assignment of error is sustained. The judgment of the trial court is reversed and the case is remanded for a hearing and determination of Salmon's motion.

*Judgment accordingly.*

BROGAN, P.J., and WOLFF, J., concur.