The STATE of Ohio, Appellee,

v.

BRASCH, Appellant.

[Cite as *State v. Brasch* (1997), 118 Ohio App.3d 659.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96–10–099.

Decided March 10, 1997.

*Robert W. Peeler,* Mason City Prosecutor, for appellee.

*James A. Whitaker,* for appellant.

KOEHLER, Judge.

Defendant-appellant, Otto Stephen Brash IV, appeals a Mason Municipal Court order vacating the expungement of his misdemeanor attempt conviction and overruling his motion to withdraw his plea subsequent to sentencing.

The equities in this case weigh strongly in favor of appellant. In 1983, appellant discovered three individuals breaking into his parent's garage. Appellant's parents lived next door to the Blue Ash Police Station. Appellant was able to restrain one of the individuals and deliver him to the police station. The incident culminated in appellant being charged with two counts of felonious assault.

Appellant appeared in Hamilton County Municipal Court, where, according to appellant, Judge Jack Sherman found the charges "ridiculous." The charges were reduced and appellant was fined $100 on each count. Two years later, appellant was hired by Pinkerton Security but was told that he would have to have his conviction expunged in order to work for Pinkerton. At that point, appellant filed a motion for expungement, which was granted.

Appellant later sustained serious injury to his right eye and right elbow in an automobile accident. Appellant's injuries required six surgeries and included treatment at the Mayo Clinic. During this time, appellant was also working full-time at Holsum Foods and was a full-time student at the University of Cincinnati's College of Education. Appellant contributed to the financial support of his parents, who were both seriously ill. Appellant graduated *summa cum laude*, number one in his class, and was named outstanding senior. The record in this case contains numerous letters recommending appellant for a position as a teacher.

During college, appellant was apparently in considerable pain and having difficulty sleeping as a result of his medical condition and the surgeries. At one point, appellant's doctor prescribed Ativan, a schedule four narcotic. The doctor called in the first prescription to the pharmacy, then later gave appellant a second, written prescription. Appellant altered this prescription to add three refills. The alteration was detected by the pharmacist, who alerted Mason police. Appellant was charged with illegal processing of a drug document, a felony in violation of R.C. 2925.23.

The charge was reduced to misdemeanor attempt, to which appellant entered a plea of no contest. Appellant sought counseling shortly thereafter, during which he was diagnosed with posttraumatic stress disorder ("PTSD") related to the accident and his serious and permanent injuries. The PTSD manifested itself in depression and sleep disturbance.

In 1995, appellant sought expungement of the attempt conviction. Appellant needed a clear record to be able to obtain employment as a secondary level science teacher. The Mason Municipal Court granted the expungement, but was notified by the Ohio Attorney General's Office in 1996 that appellant had a previous expungement for the 1983 burglary/assault incident and was not eligible for a second expungement. The Mason court vacated the second expungement on motion of the prosecuting attorney and overruled appellant's motion to withdraw his plea in the attempt case and request treatment in lieu of a conviction. Appellant raises the following assignments of error on appeal:

Assignment of Error No. 1:

"The trial court erred to the prejudice of the defendant in overruling the court order of Mason Municipal Court from March 29, 1996 granting an expungement of appellant's record in the Mason Municipal Court."

Assignment of Error No. 2:

"The state did not timely file the motion to set aside a judgment entry of the expungement from April 11, 1995, filing said motion on March 29, 1996, and the court failed to consider its [inherent] authority."

Assignment of Error No. 3:

"The court verbally ruled that it would grant a hearing on defendant's motion to set aside the defendant's plea of guilty in order to request treatment in lieu of conviction which the court stated that it would make a decision before granting the defendant a hearing on appellant's request to have the expungement entry sustained thereby violating his due process [*sic* ]."

Under R.C. 2953.32, a "first offender" may apply to the sentencing court to seal the record of conviction. A first offender under the statute is "anyone who has been convicted of an offense in this state * * * and who previously or subsequently has not been convicted of the same or a different offense." R.C. 2953.31(A). A conviction for a minor misdemeanor is not considered a previous or subsequent conviction. *Id.*

We will address appellant's second and third assignments of error first. Appellant argues in his second assignment of error that the state's motion to vacate the order of expungement was not timely.

Expungement is a civil remedy which is procedurally governed by Civ.R. 60(B). *State v. Yu* (Apr. 27, 1994), Hamilton App. No. C–930483, unreported, 1994 WL 156250. Pursuant to the rule, "[t]he motion shall be made within a reasonable time, and for reasons (1), (2) and (3) [mistake, newly discovered evidence, or fraud] not more than one year after the judgment * * * was entered or taken."

The prosecutor's motion was filed within one year in this case. More important, the motion was one to vacate the expungement as not satisfying the statutory requirements. If it is demonstrated to the court that granted an expungement that the defendant was not a first-time offender under R.C. 2953.31, the court is deprived of jurisdiction and the expungement must be vacated. *State v. Thomas* (1979), 64 Ohio App.2d 141, 145, 18 O.O.3d 106, 108–109, 411 N.E.2d 845, 848. Motions to vacate for lack of jurisdiction are not bound by the Civ.R. 60(B) time limits. *In re Miller* (1986), 33 Ohio App.3d 224, 227, 515 N.E.2d 635, 639–640, citing *Demianczuk v. Demianczuk* (1984), 20 Ohio App.3d 244, 245, 20 OBR 305, 306–307, 485 N.E.2d 785, 787–788. Appellant's argument as to the timeliness of the prosecutor's motion is therefore not well taken.

Appellant also argues in his second assignment of error that the trial court failed to consider its inherent authority to grant an expungement. Authority for the expungement of a criminal record exists as either statutory or judicial authority. *State v. Stadler* (1983), 14 Ohio App.3d 10, 14 OBR 13, 469 N.E.2d 911. The Ohio Supreme Court stated in *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 377, 20 O.O.3d 334, 335–336, 421 N.E.2d 1303, 1306, that where "unusual and exceptional circumstances" exist such that the defendant's right to privacy outweighs the public interest in maintaining the criminal record, the trial court may exercise jurisdiction to seal the records in a case.

Judicial expungement should be "limited to the rare case where the accused can demonstrate unusual and exceptional circumstances." *Stadler*, 14 Ohio App.3d at 11, 14 OBR at 14, 469 N.E.2d at 913. The judicial expungement cases we have seen involve circumstances where charges against a defendant did not result in a conviction. See, *e.g.*, *Dayton v. Salmon* (1996), 108 Ohio App.3d 671, 671 N.E.2d 599 (under exceptional circumstances, court may order expungement of all police and judicial records where a criminal complaint was brought against an accused but later dismissed). In this case, appellant does have a prior conviction and a prior expungement. The circumstances are not such that the trial court's inherent power to grant the expungement could be invoked. See *Pepper Pike*, 66 Ohio St.2d at 377, 20 O.O.3d at 335–336, 421 N.E.2d at 1306. Appellant's second assignment of error is overruled in its entirety.

Appellant argues in his third assignment of error that his right to due process was violated when the trial court ruled on appellant's motion to withdraw his plea without holding a hearing. There is no authority for the proposition that the trial court is required to hold a hearing on a postsentencing motion to withdraw a plea. *State v. Mouser* (Feb. 14, 1997), Geauga App. No. 96–G–1992, unreported, 1997 WL 123763. The transcript reveals that the trial court indicat-

ed that it would decide the motion to vacate the expungement first and then decide appellant's motion to withdraw his plea.

Although appellant requested a hearing upon filing his motion, we see nothing in the July 9 transcript which indicates a commitment from the trial court to hold a hearing on appellant's motion to withdraw his plea. As for the July 23 transcript, it appears that the motion under discussion at that time was the state's motion to vacate the expungement, not appellant's motion to withdraw his plea. Appellant's argument is not well taken. The third assignment of error is overruled.

█ In his first assignment of error, appellant argues that the trial court erred in vacating the 1995 expungement for two reasons. First, appellant believed that his 1983 Hamilton County conviction was for a minor misdemeanor, which under the current expungement statute does not bar appellant from first offender status. Second, appellant argues that the state failed to meet its burden of proving the 1983 conviction.

Addressing both of these arguments, the record contains the 1985 entry of expungement from Hamilton County. Judge Sherman's entry indicates that appellant had one criminal conviction for a misdemeanor. We find this entry conclusive on the issue of proof of the prior conviction and that the degree of the offense was a misdemeanor and not a minor misdemeanor. Appellant therefore is not a first offender for purposes of R.C. 2953.32.

As stated earlier in this opinion, however, the equities in this case weigh heavily in appellant's favor. The record is replete with evidence of appellant's remarkable achievements both in his personal and professional life. Appellant has more than demonstrated that he is deserving of a fresh start. Unfortunately, state law precludes us from equitable consideration if a prior conviction has been demonstrated.

The frustration of the courts in situations such as this one was noted in a recent case before the First District Court of Appeals, where Judge Marianna Brown Bettman expressed the hope that "the legislature will consider amending the expungement statute to give our trial judges discretion in the granting of expungements. * * * [C]ertain defendants who do not technically meet the present definition of first offenders would clearly benefit from the statute's remedial purpose, and our trial judges, who are in the best position to make this decision, are handcuffed by the present law.

"In *Barker v. State* (1980), 62 Ohio St.2d 35, 41, 16 O.O.3d 22, 25–26, 402 N.E.2d 550, 554–555, the Ohio Supreme Court wrote that the purpose of the expungement statute 'is to provide remedial relief to qualified offenders in order to facilitate the prompt transition of these individuals into meaningful and

productive roles.' * * * That purpose * * * is to encourage those who have committed crimes, who have been appropriately punished, and who have been properly rehabilitated to get on with their lives. Nowhere, perhaps, is this more important than in getting and keeping a job. We want to encourage all of our citizens to have productive employment.

"* * * [O]ur trial judges are unable to effectuate these goals under the present statute." *State v. Coleman* (1997), 117 Ohio App.3d 726, 729, 691 N.E.2d 369, 370–371 (Bettman, P.J., concurring).

We must reluctantly overrule appellant's first assignment of error. The judgment of the trial court is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., concurs.

WALSH, J., concurs in judgment only.