OPINION *Page 2 
{¶ 1} Appellant Taneysha Johnson appeals the decision of the Mahoning County Court No. 2 to overrule a motion to seal the record of her theft conviction from 2002. However, Appellant has a prior conviction for domestic violence in the year 1999, and this bars her from having her record sealed. The record on appeal supports the trial court's judgment, and the judgment is affirmed.
 {¶ 2} On May 7, 2002, a complaint was filed against Appellant for one count of theft of property valued at less than $500, R.C. 2913.02(A)(1), a first degree misdemeanor. Appellant was caught stealing two items of clothing from the J.C. Penney store at the Southern Park Mall in Boardman. She entered a plea of no contest to the charge, and on May 13, 2002, she was sentenced to 180 days in jail, all of which was suspended, and $100 fine, along with a term of community service and 12 months of probation. This conviction was not appealed.
 {¶ 3} On April 5, 2006, Appellant filed an application to seal the record in this case, pursuant to R.C. 2953.31 et seq. In her application she claimed that this conviction was her first offense and that there was no criminal proceeding pending against her. A records check subsequently revealed that Appellant had a prior conviction for domestic violence in 1999 from the Girard Municipal Court. At a hearing held on September 12, 2006, Appellant attempted to prove that she had never actually been convicted of any crime in the prior case in Girard and that the records of that case had been judicially expunged. The trial court did not make an *Page 3 
immediate ruling on the matter, and gave the parties two weeks to supplement the record. Neither party filed any additional evidence or arguments, and on October 18, 2006, the court denied the application to seal the record. Timely notice of the judgment was not given to Appellant until December, and this appeal was filed on December 10, 2006.
 {¶ 4} The appeal was dismissed for failure to prosecute on May 18, 2007, but was reinstated on June 12, 2007. Appellant presents two related assignments of error that will be treated together.
 ASSIGNMENTS OF ERROR {¶ 5} "The trial court failed to make the required findings in its judgment entry in accordance with R.C. 2953.32(C)."
 {¶ 6} "The Trial Court abused its discretion by failing to grant the Appellant's motion based upon missing and or nonexistent records from the Girard Municipal Court due to a prior `expungement' of dismissed charges."
 {¶ 7} This appeal involves the interpretation of the statutes allowing for the sealing of records in a criminal case, found in R.C. 2953.31 et seq. There is some confusion in the use of the terms "expungement" and "sealing the record" in this appeal. R.C. 2953.31 et seq. does not deal with expungement, but rather, refers only to sealing the record in the case of a first offense. There is no statutory method of expungement for first time offenders in Ohio, although a limited type of judicial expungement continues to exist apart from the procedures set up in R.C.2953.31 et seq. Judicial expungement involves a request by someone who wishes to remove all *Page 4 
traces of a criminal proceeding when that proceeding has not resulted in any conviction. This type of situation falls outside the relief offered by R.C. 2953.31 et seq. State v. Brasch (1997), 118 Ohio App.3d 659,663, 693 N.E.2d 1134. Judicial expungement is, "limited to the rare case where the accused can demonstrate unusual and exceptional circumstances." State v. Stadler (1983), 14 Ohio App.3d 10, 11,14 OBR 13, 469 N.E.2d 911. Judicial expungement may actually result in records being completely removed and destroyed, whereas R.C. 2953.32 deals only with sealing an official record. See, e.g., City of Pepper Pike v.Doe (1981), 66 Ohio St.2d 374, 421 N.E.2d 1303. When someone has been convicted of an offense, the only method of sealing the record of that offense is through the procedure set up in R.C. 2953.31 et seq.State v. Brewer, 11th Dist. No. 2001-L-186, 2003-Ohio-701, ¶ 18.
 {¶ 8} R.C. 2953.32(A)(1) states:
 {¶ 9} "Except as provided in section 2953.61 of the Revised Code,a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor." (Emphasis added.)
 {¶ 10} The basic issue in this appeal is whether the record shows that Appellant is or is not a "first offender", which is defined in R.C.2953.31(A): *Page 5 
 {¶ 11} "(A) `First offender' means anyone who has been convicted of anoffense in this state or any other jurisdiction and who previously orsubsequently has not been convicted of the same or a different offensein this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction." (Emphasis added.)
 {¶ 12} It is a bit unclear what error Appellant is attempting to demonstrate regarding the trial court's interpretation or application of this statute. If Appellant has previously been convicted of an offense, she is not a first offender and is not eligible for relief under R.C.2953.32. The record in this case clearly indicates that Appellant has a prior conviction for domestic violence from 1999 in Girard Municipal Court, received a 90-day jail sentence with 81 days suspended, and a $400 fine. On the one hand, Appellant appears to be saying this never happened, although her argument is difficult to understand since the conviction record is part of the court file. On the other hand, she attempts to argue that this criminal proceeding did take place *Page 6 
but was somehow expunged. There is a photocopy in the trial court's file of a journal entry purportedly issued by the Girard Municipal Court, without any file stamp date, indicating that "expungement is granted" arising from charges of assault, criminal damaging and domestic violence. As noted earlier, judicial expungement only applies when the criminal proceedings do not result in a conviction. The case numbers listed on this document do not match any case or reference numbers on the report from the Bureau of Criminal Investigations listing Appellant's conviction for domestic violence. It may be that this document refers to different criminal proceedings than those resulting in Appellant's 1999 conviction. Appellant's reliance on this uncertified document from the Girard Municipal Court is unfounded because it is not reliable evidence that she was never convicted for domestic violence in Girard. This is true because other parts of the record on appeal reflect that she was convicted.
 {¶ 13} If Appellant is trying to argue that her prior criminal litigation was previously sealed under R.C. 2953.32 (even though the Girard Municipal Court may have mislabeled it as being "expunged"), she is not entitled to have yet another record sealed pursuant to the statute. R.C. 2953.32 can only be used once. "While defendant has never been convicted, he has utilized the expungement statute which clearly is to be used only one time by the same individual." Dayton v. Salmon
(1996), 108 Ohio App.3d 671, 673, 671 N.E.2d 599. "The plain text of the statute prohibits appellant from being given a second expungement[.]"State v. Ruffle (July 14, 1997), 12th Dist. No. CA96-12-124. *Page 7 
 {¶ 14} The record shows that Appellant has a prior conviction, and therefore, the trial court was correct in denying her application to seal the record for a first offender.
 {¶ 15} Appellant further argues that the trial court erred because it did not make specific findings on the record. Appellant points to nothing in the statute that would require the trial court to make its findings on the record. The statute requires the court to take a number of steps, but it does not require the court to record findings. The very first step that is required is as follows: "The court shall do each of the following: (a) Determine whether the applicant is a first offender * * *." R.C. 2953.32(C)(1)(a). If the trial court determines that the defendant is not a first offender, the court's work is done, because only a first offender can utilize the statute.
 {¶ 16} If the trial court denies the motion to seal the record without any further explanation, the obvious conclusion would be that the defendant did not satisfy the most basic elements of the statute and that no further explanation was needed. In this case, the trial judge explained at the September 12, 2006, hearing that there was a question about Appellant's status as a first offender, and that the parties had two weeks to supplement the record. Nothing further was submitted, and the court denied Appellant's motion to seal the record on October 18, 2006. Since the only real issue in the case was whether Appellant was a first time offender, the court obviously determined that she did not qualify as a first time offender. As Appellee points out, pursuant to Crim.R. 52(A), any failure of the trial court to actually state this conclusion in writing would be harmless error, if any, because the record clearly *Page 8 
indicates that Appellant is not a first time offender and is not permitted to have her record sealed under R.C. 2953.32. It has been held many times that a lack of express findings is harmless error when it does not prevent an appellate court from actually reviewing the issues on appeal. State v. Brewer (1990), 48 Ohio St.3d 50, 60, 549 N.E.2d 491;State v. Alexander (1997), 120 Ohio App.3d 164, 169, 697 N.E.2d 255.
 {¶ 17} Appellant's assignments of error are without merit. The record indicates that she had a prior conviction and that the trial court was not permitted to seal the record of her subsequent conviction. The trial court's failure to state the obvious in its judgment entry would be harmless error at most because the court's reasoning is apparent from other parts of the record. The judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1