**LUZ SANTIAGO, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

**MARLENE LOCKHART, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

**YAHANATAN NUGENT, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. Nos. 2007-052; 2007-053; 2007-051

Supreme Court of the Virgin Islands

March 18, 2009

HAROLD W. L. WILLOCKS, ESQ., Chief Public Defender, Office of the Territorial Public Defender, St. Croix, USVI, *Attorney for Appellants*.

TIFFANY V. ROBINSON, ESQ., Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, USVI, *Attorney for Appellees*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*

## OPINION OF THE COURT

(March 18, 2009)

 PER CURIAM. Appellants Luz Santiago ("Santiago") and Marlene Lockhart ("Lockhart") appealed from separate Superior Court orders denying their individual Stipulated Motions seeking to seal and to expunge[1] their arrest and booking records in possession of the Virgin Islands Police Department and to simultaneously seal the records in the Superior Court ("Superior Court" or "trial court") pertaining to their arrests. Appellant Yahanatan Nugent ("Nugent") appealed from a denial of his Stipulated Petition with the People of the Virgin Islands ("People") seeking to seal and to expunge his arrest record. The trial court dismissed with prejudice the underlying criminal cases against Santiago and Lockhart from which their motions emanated. However, the case against Nugent was dismissed without prejudice. Santiago, Lockhart, and Nugent ("Appellants") appealed only the issues pertaining to their abortive attempts to expunge and to seal their arrest and booking records. Because

---

[1] "[I]n general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *United States v. Rowlands*, 451 F.3d 173, 176 (3d Cir. 2006) (quoting *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir.2004)). The word "expunge," usually refers to the physical destruction of information, while expunction refers to the process of sealing or destroying the record of a conviction after the expiration of a given time. *United States v. Coloian*, 480 F.3d 47, 49 n.2 (1st Cir. 2006).

288

of the commonality of issues, the cases will be decided together.[2] For the following reasons, we agree with the trial court's orders denying the parties' Stipulated Motions and the Stipulated Petition to expunge and to seal the Appellants' arrest and booking records. However, we will remand the two cases for the trial court to afford Santiago and Lockhart an opportunity to either withdraw from their agreements or Stipulated Motions with the People or to accept our decision in their individual cases. We affirm the trial court's denial of the parties' Stipulated Petition to expunge and to seal the arrest record in Nugent's case.

## I. FACTS AND PROCEDURAL HISTORY

### A. Santiago and Lockhart

On January 10, 2006, Santiago was arrested and charged with nine (9) counts of swindling and cheating in violation of title 32, section 473 of the Virgin Islands Code. Subsequently, on February 8, 2006, Santiago and the People entered into a Stipulated Motion to Dismiss With Prejudice and Expungement of Record. (J.A. at 10.) The Motion states in pertinent part that "the above referenced matter shall be dismissed with prejudice," and that "[Santiago's] records in the possession of the Virgin Islands Police Department relating to the arrest and booking of the Defendant on or about January 10, 2006, be sealed and expunged." (*Id.*) The Motion also requested an order, directing the Clerk of the Superior Court to "seal all records pertaining to Defendant's arrest on or about January 10, 2006 . . . ." (*Id.*)

In a case emanating from the same facts, Lockhart was arrested on January 10, 2006 and charged with twenty-two (22) counts of swindling and cheating in violation of title 32, section 473 of the Virgin Islands Code. Lockhart and the People entered into a Stipulated Motion to Dismiss with Prejudice and Expungement of Record. (*Id.* at 30.) The Motion is identical to the stipulated motion filed in Santiago's case. The Stipulated Motion requested the sealing and expunging of Lockhart's

---

[2] In one respect, we will discuss the *Santiago* and *Lockhart* cases differently than the *Nugent* case. *See infra* Section IV (D). Specifically, the first two involved a stipulation for both dismissal and expungement. Nugent, on the other hand, involves only a dismissal and, then, an attempt fifteen months later, to expunge. The different facts carry different legal implications as we shall further explicate. Unlike *Santiago* and *Lockhart, Nugent* raises the issue of the trial court's power to reopen a dismissed criminal case.

arrest and booking records maintained by the Virgin Islands Police Department. (*Id.*) The Motion also requested an order, directing the Clerk of the Superior Court to seal similar records maintained by the Superior Court. (J.A. at 30-31.)

On February 12, 2007, the Superior Court granted the parties' Stipulated Motions in both cases. (*Id.* at 14-15; 35; 39.) Thereafter, on March 27, 2007, the Superior Court *sua sponte* vacated a part of both orders and ordered that Santiago's and Lockhart's "criminal records [s]hall not be expunged or sealed." (*Id.* at 19). Santiago and Lockhart appealed the Superior Court's March 27, 2007 Orders.

### B. Nugent

Nugent was arrested on or about February 7, 2005, and charged with third degree burglary, grand larceny, and unauthorized use of a motor vehicle. The People motioned the trial court to dismiss the charges against Nugent without prejudice, which the trial court did dismiss on May 9, 2005. (J. A. at 42.) On February 9, 2007, or approximately twenty-one (21) months after the case was dismissed, the parties filed a Stipulated Petition to Expunge Record, seeking to expunge and to seal Nugent's arrest record. (J.A. at 43-44.) In the Stipulated Petition, the parties asserted that Nugent has always maintained his innocence, that the arrest record is prejudicing Nugent's future plans, and that the record "is an invasion of his privacy." (*Id.*) The parties also stipulated that the record is jeopardizing Nugent's current employment and will hinder his plans of joining the United States Marines. In its April 2, 2007 Order, the Superior Court observed that the case was first dismissed in May of 2005, and concluded that ". . . therefore, the court no longer has jurisdiction and any subsequent filing under this matter is improperly before the court." (J. A. at 47.) Nugent's appeal followed.

In lieu of a brief, the People filed an Informational Motion in this Court, stating that it takes no position in all three cases.

## II. JURISDICTION AND STANDARDS OF REVIEW

This Court has jurisdiction pursuant to title 4, section 32(a) of the Virgin Islands Code. Section 32(a) provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgment, final decrees or final orders of the Superior Court or as otherwise provided by law."

The trial court's decisions to deny expungment of Appellants' criminal records are reviewed for abuse of discretion. *See Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir. 1997). Our review of the trial court's decision on its jurisdiction to consider the expungement issue is plenary. *V. I. v. Hodge*, 45 V.I. 738, 359 F.3d 312, 323 (3d Cir. 2004) ("We exercise plenary review in determining whether a court hierarchically below us had subject matter jurisdiction."). We review the trial court's decision to reopen its own case for abuse of discretion. *See United States v. Coward*, 296 F.3d 176, 180 (3d Cir. 2002) ("[W]e review a [trial] court's decision on a motion to reopen for abuse of discretion.").

## III. ISSUES PRESENTED

Appellants have raised a myriad of issues, which can be succinctly stated as follows.

A. Whether the People's maintenance of an arrestee's arrest and booking records violates that arrestee's rights protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

B. Whether absent statutory authorization, and upon dismissal of a criminal case, the trial court has jurisdiction to expunge an arrestee's arrest and booking records maintained by both the Superior Court and the Virgin Islands Police Department.

C. Whether Appellants have complied with the legal prerequisites for sealing and expunging an arrestee's arrest and booking records maintained by the Superior Court and the Virgin Islands Police Department.

D. Whether the trial court retains jurisdiction over a criminal case to expunge and to seal the arrestee's arrest and booking records fifteen months after the case has been dismissed.

## IV. DISCUSSION

No Virgin Islands Statute provides a general system for expunging or sealing an arrestee's arrest or booking records. Similarly, no local statute expressly empowers a local court to consider a petition or motion to expunge or to seal arrest or booking records in accordance with the circumstances of these cases. After examining relevant case law, we conclude that Appellants' cases do not satisfy the prerequisites of

exceptional, extreme or extenuating circumstances required to expunge their arrest or booking records. Similarly, the circumstances in Appellants' cases do not require sealing the Superior Court's arrest and booking records.

## A. Appellants' Constitutional Rights Claims

■■ For the first time on appeal, Appellants assert that maintaining arrest and booking records constitutes a violation of their Constitutional Rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.[3] Appellants' claims of Constitutional Rights violations were not raised before the trial court. Therefore, they are precluded from raising them for the first time on appeal, unless there is an exceptional circumstance excusing their failure to raise these claims before the trial court. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 335 (V.I. 2007); *see, e.g., Uttecht v. Brown*, 551 U.S. 1, 127 S. Ct. 2218, 2230-31, 167 L. Ed. 2d 1014 (2007); *In re Application of Adan*, 437 F.3d 381, 389 n. 3 (3d Cir. 2006) ("[W]e will not consider new evidence on appeal absent extraordinary circumstances, such as those that render the case moot or alter the appropriateness of injunctive relief, a change in pertinent law, or facts of which a court may take judicial notice."); *Gass v. V.I. Tel. Corp.*, 45 V.I. 649, 311 F.3d 237, 246 (3d Cir. 2002) ("failure to raise an issue in the [trial] court constitutes a waiver of the argument. . . . We only depart from this rule when manifest injustice would result from a failure to consider a novel issue.") (internal citations and quotations omitted).

■ Significantly, courts have found that "[t]here is no constitutional basis for a right to expungement." *Sealed Appellant*, 130 F.3d at 699 (internal quotation omitted); *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980) ("The right to expungement of state records is not a federal constitutional right."); *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972) ("Public policy requires here that the retention of records of the arrest and of the subsequent proceedings be left to the discretion of the appropriate authorities."). Additionally, Appellants provide no explanation whatsoever, and never assert any exceptional circumstance,

---

[3] *See* U.S. CONST. amend. XIV, § 1. The Fourteenth Amendment to the United States Constitution is applicable to the Virgin Islands though section 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561.

for failing to raise their constitutional claims before the trial court, and we find none. Therefore, we decline to render any decision on those claims, because they are not properly before us.

## B. The Trial Court's Jurisdiction in Expungement Cases

 In the appropriate circumstances, the Superior Court has the power to act in cases involving expungement or sealing of an arrestee's arrest and booking records, but this power is severely limited. *See infra* section C. Title 4, section 76(a) of the Virgin Islands Code provides in pertinent part that ". . . the [Superior] Court shall have original jurisdiction in all civil actions regardless of the amount in controversy . . . ." Likewise, title 4, section 76(b) provides in pertinent part that "the [Superior] Court shall have original jurisdiction in all criminal actions . . . ." Nevertheless, whether an action to expunge or to seal an arrestee's arrest or.booking record is filed as a separate civil suit or is addressed as a collateral matter in a pending criminal case, the Superior Court has jurisdiction to adjudicate the expungement cases only in those instances in which it is authorized by a specific statutory grant or in which the Superior Court is otherwise permitted by law pursuant to its inherent powers or ancillary jurisdiction.[4] In Appellants' cases, we will conclude that the Superior Court lacks jurisdiction (constitutional, statutory, inherent or ancillary) to expunge Appellants' criminal records because their cases do not rise to the level required for the court's exercise

---

[4] In any event, the Court's jurisdiction is limited by the separation of the powers of the Executive, Legislative, and Judicial Branches of the Virgin Islands government. *See Smith v. Magras*, 37 V.I. 464, 124 F.3d 457, 465 (3d Cir.1997) ("[T]he doctrine of separation of powers applies with respect to the coordinate branches of government in the Virgin Islands."); *In re Richards*, 42 V.I. 469, 213 F.3d 773, 783 (3d Cir. 2000) ("It naturally follows that the [Superior] Court cannot exercise legislative powers."). "[Separation of powers] remains a basic principle of our constitutional scheme that one branch of government may not intrude upon the prerogatives of another." *Loving v. United States*, 517 U.S. 748, 756, 116 S. Ct. 1737, 135 L. Ed. 2d 36 (1996). "Even before the birth of this country, separation of powers was known to be a defense against tyranny." *Id.* Expungment motions which require the expungement of the records of another branch of government, such as the executive branch's arrest records, raise separation of powers concerns, limiting, but not foreclosing, the court's jurisdiction. *See, e.g., Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 698 (5th Cir. 1997); *United States v. Noonan*, 906 F.2d 952, 956 (3d Cir. 1990).

of its jurisdiction to expunge criminal records.[5] We will also conclude in Nugent's case that the Superior Court's ancillary jurisdiction does not extend to the expungement of his criminal records in this case. *See infra* IV (E). In the next section of this opinion, we review the standards and conditions under which a trial court may exercise its jurisdiction to expunge cases.

## C. Appellants' Failure to Satisfy the Standards for Sealing and Expunging Criminal Records

### 1. Caselaw

■ The Virgin Islands Legislature has not enacted a general expungement statute. Additionally, Virgin Islands case law on expunging criminal records is scant. Fortunately, an extensive body of expungement litigation exists in federal courts. We are guided by federal case law, because it espouses and edifies standards we may consider in reviewing a trial court's expungement orders. In the overwhelming majority of cases which offers some perspective on criminal record expungements, federal courts have permitted expungements only where (1) a defendant is factually innocent and (2) the same defendant can demonstrate that

---

[5] As the Third Circuit announced in *Dunegan*, a case similar to this one on the issue of a court's use of its inherent powers:

> This Court has identified three basic uses of inherent power. *See Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 562-64 (3d Cir.1985). First is the "irreducible inherent authority" grounded in separation of powers doctrine, "involving activity fundamental to the essence of a court" without which the courts would cease to fulfill the function for which the Constitution established them. *Id.* at 562. The exact limits on this form of the inherent powers are nebulous, but it is clear that they do not entail the power to assert jurisdiction over petitions for expungement.
>
> The second and most common use of the inherent powers encompasses those powers necessary for the courts to adjudicate cases in an orderly and efficacious manner. *See id.* at 562-63. The contempt power is "the most prominent" of these powers, and has been described as essential to the administration of justice and the effective functioning of the judiciary. *Id.* (citations omitted). Jurisdiction over expungement petitions is not embraced by this form of the court's inherent powers.
>
> Finally, courts have the authority under their inherent power to employ instruments and persons unconnected with the court, such as experts and auditors, to aid them in their decision making. *See id.* at 563. Clearly, this power does not provide courts with jurisdiction independently to consider petitions for expungement.

*Dunegan*, 251 F.3d at 478.

maintaining his criminal records in the public domain causes such harm that outweighs the public interest in maintaining such records.

■ Nonetheless, the following compendium of cases is instructive on criminal record expungement. Caselaw severely limits expungement of criminal records to extraordinary, exceptional, or extreme circumstances. *See, e.g., United States v. Noonan*, 906 F.2d 952, 956 (3d Cir. 1990) ("The collective experience of our judiciary reflected by reported cases, however, discloses that expunction of criminal court records is an extraordinary remedy."); *Government v. Richardson*, 45 V.I. 326, 329 (V.I. Terr. Ct. 2004) ("The expungement of criminal records is an exceptional circumstance that lies within the Court's discretion."); *Hodge v. Jones*, 31 F.3d 157, 166 (4th Cir. 1994) (internal citations omitted) ("Expunction in those instances is a discretionary function of the court, rarely utilized absent extreme circumstances[.]"). "[O]ur precedent clearly establishes that we have jurisdiction over petitions for expungement only when the validity of the underlying criminal proceeding is challenged," explains the United States Court of Appeals for the Third Circuit in *United States v. Rowlands*, 451 F.3d 173, 178 (3d Cir. 2006).

■ Records generated through "flagrant violations to the Constitution" are good candidates for expungement. *See Doe v. Webster*, 196 U.S. App. D.C. 319, 606 F.2d 1226, 1230 (D.C. Cir. 1979) (citations omitted). Also, expungement is warranted "when an arrest or conviction is constitutionally infirm." *Noonan*, 906 F.2d at 957. *See also, Maurer v. Ex rel. L. A. County Sheriff's Dept.*, 691 F.2d 434, 437 (9th Cir. 1982) ("It is well settled that the federal courts have inherent equitable power to order the expungement of local arrest records as an appropriate remedy in the wake of police action in violation of constitutional rights.") (citations and quotations omitted).

■ Expungement of criminal records in cases of aborted prosecutions has been sparsely and exiguously addressed in caselaw. Legal precedent instructs that absent extraordinary circumstances, the prosecutor aborting an action is not a basis for expungement. *See, e.g., United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977) (prosecutor did not concede the defendant's innocence and court found no harsh or unique circumstance to justify expungment); *United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990) (dismissal by prosecutor after grant of motion to suppress did not warrant expungement.); *United States v. Flagg*, 178 F. Supp. 2d 903, 905-6 (SD. Ohio 2001) (Government dismissed charges,

but did not concede the defendant's innocence and court denied expungement because the arrest and indictment of the defendant were not unlawful.); *United States v. Lopez*, 704 F. Supp. 1055, 1057 (S.D. Fla. 1988) (dismissal of action after arrest is not a basis for expungement where arrest was not invalid and no extraordinary circumstance was shown); *United States v. Janik*, 10 F.3d 470, 472-73 (7th Cir. 1993) (there was sufficient evidence to support the defendant's conviction and no exceptional circumstance.)

Importantly, even a defendant's acquittal, without exceptional circumstances, does not warrant expungement. *United States v. Coloian*, 480 F. 3d 47, 52 (1st Cir. 2007) (attorney's arrest, trial, and acquittal were factually correct and, so, the court properly denied expungment of his records.). *See also United States v. Dunegan*, 251 F.3d 477, 480 (3d Cir. 2001) ("in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a [trial] [c]ourt does not have the jurisdiction to expunge a criminal record, even when the case ended in acquittal."). *See also Commonwealth v. Holloway*, 225 S.W.3d 404, 407 (Ky. Ct. App. 2007) ("The mere fact that an individual is not convicted on the charges on which he was arrested does not entitle him to expungement of the arrest record") (quoting *Coles v. Levine*, 561 F. Supp. 146, 153 (D.Md.1983)); *Hodge v. Jones*, 31 F.3d 157, 166 (4th Cir. 1994) ("While it is true that such records may be expunged, there is no *automatic* right to expunction once an individual's name has been cleared.") (citations omitted).

Pursuant to its habeas corpus[6] powers, a court may order the expungement of criminal records in appropriate circumstances. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006); *United States v. Sumner*, 226 F.3d 1005, 1012 (9th Cir. 2000). Also, "in extreme circumstances, an arrest record may be expunged after dismissal of the charges or acquittal." *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). An extreme circumstance is illustrated in *United States v. Van Wagner*, 746 F. Supp. 619 (E.D. Va. 1990), where the defendant was mistakenly arrested and the government conceded both the defendant's

---

[6] 28 U.S.C. § 2243, the federal habeas corpus statute, provides that "[t]he court shall . . . dispose of the matter as law and justice require." Its Virgin Islands counterpart, 5 V.I.C. § 1301, provides that "[a] writ of habeas corpus" may issue to "[e]very person unlawfully imprisoned or restrained of his liberty, under any pretence whatever."

factual innocence and that his arrest records caused him permanent damage.

██ Although there was probable cause to support his lawful arrest, the government conceded that the defendant was innocent of the charges. *Id.* at 620. Therefore, the trial court expunged the defendant's arrest record for drug trafficking and money laundering after his case was dismissed. *Id.* at 623. The court reasoned that "[t]he decision to expunge turns on whether serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Id.* at 621 (internal quotation omitted). After noting "[t]he compelling unfairness justifying expungment here is that a wholly innocent individual, mistakenly arrested and indicted, but supposedly presumed innocent of all charges, is nonetheless suffering adverse consequences," *id.* at 622, the court concluded:

> In sum, (i) Van Wagner's innocence, acknowledged by the government, (ii) the severe consequences to him that flow from the erroneous arrest record, also acknowledged by the government, and (iii) the absence of any onerous administrative burden if expungement is ordered all point persuasively to granting the expungement remedy in this case.

*Van Wagner*, 746 F. Supp. at 623.

██ The foregoing cases apprise us that simply because the People and a defendant jointly move the trial court to dismiss charges against a defendant, the grant of such a motion does not automatically justify expungement of the defendant's arrest and booking records. A review of Virgin Islands statutes also supports this conclusion.

### 2. Virgin Islands Statutes Provide for Criminal Records to be Public Documents

The Legislature of the Virgin Islands ("Legislature") never expanded the current law on expungment to encompass arrest or booking records. Rather, it allowed arrest and booking records to remain in the reservoir of public records where they are subject to public scrutiny and public inspection. The confidential records section of the Virgin Islands Public Records Statute, title 3, section 881(g) (9) of the Virgin Islands Code,

provides in pertinent part that "records of current and prior arrests shall be public records[.]" Similarly, title 4, section 241 states in pertinent part: "[t]he records of every court of justice shall be public records and, except as otherwise provided in subtitle 2 of title 5, shall be open to the inspection of any citizen or party in interest under the supervision of the clerk of the court having custody of the records during business hours."[7]

■ Indisputably, a compelling public policy is codified in sections 881(a) and 241 which authorizes the government to maintain arrest records and to allow public access to the same records. The public policy which mandates maintaining arrest records simultaneously disfavors sealing and expunging public records, in the absence of a specific statutory provision authorizing arrest and booking records to be sealed or expunged. *See, e.g., Janik*, 10 F.3d at 472. ("[F]ederal courts are without jurisdiction to order an Executive Branch agency to expunge what are admittedly accurate records of a person's indictment and conviction. We are without statutory or constitutional authority to hold otherwise.").

■ By statutorily making arrest records and court records public documents, the Legislature simultaneously rejected any intention of expunging or sealing them. *See, e.g., Commonwealth v. Holloway*, 225 S.W.3d 404, 407 (Ky. Ct. App. 2007) ("Since there is a public interest in keeping criminal records, absent some showing of extraordinary circumstances, records cannot be expunged."). Where the Legislature has approved expungement of records, it has so provided with clarity and specificity. To illustrate, in title 5, section 2531 of the Virgin Islands Code[8], the Legislature provides an elaborate mechanism for expunging and sealing juvenile records generated in the Judicial and Executive

---

[7] Subtitle 2 of title 5 pertains exclusively to the records of the family court and particularly to the records of children and minors, which are irrelevant to the appeals before us.

[8] Section 2531, Title 5, entitled "Sealing of record; expungment," states:

(a) On motion by a person who has been the subject of a complaint filed under this chapter or on the court's own motion, the court may vacate its order and findings and order the sealing of the legal and social records of the court, Youth Services Administration, and of any other agency in the case if it finds that:

. . .

(e) On motion on the part of a person who has been the subject of a complaint filed under this subchapter or on the court's own motion, the *court may order the expunging of all legal and social records of the court, Youth Services Administration, and of any other agency pertaining to a case, if the child is found to be not delinquent* (emphasis supplied).

Branches of the Government of the Virgin Islands. Additionally, for qualified juveniles who have successfully completed probation, the law commands "an absolute obliteration of the fact and record of the conviction. . . ."[9] Because the Legislature has statutorily provided for the expungement of juvenile records, "[h]ad it intended such provisions to apply to adults, it would have so provided." *See State v. Parkinson*, 144 Idaho 825, 172 P.3d 1100, 1102, n. 2 (2007). Therefore, by the conspicuous absence of appropriate language, we deduce that our Legislature did not intend for the provisions of title 5, sections 2531 and 3712(d) and (e) to apply to adults. However, pursuant to title 5, section 3711(c)[10], which pertains only to adult records, the Legislature provided for expungements of criminal records under extremely limited circumstances not present in these cases.

### 3. The Parties' Non-compliance with Expungement Standards

No party in these cases has invited our attention to any local statute that remotely, inferentially or otherwise, provides for sealing of records in the

---

[9] Section 3712(d) and (e), title 5 of the Virgin Islands Code provides:

(d) Five years from the date on which a defendant is discharged after compliance with the terms and conditions of probation imposed pursuant to this section, the court upon motion by the defendant, shall issue to the Government of the Virgin Islands, a notice to show cause, answerable within 10 days, why the record of defendant's conviction and sentence should not be expunged. Unless it is shown that since receiving his sentence under this section, the defendant has been convicted of an offense under the laws of the Virgin Islands, the United States, or a state or territory thereof, or any other jurisdiction, punishable by six months or more imprisonment, or unless other good cause is shown, the court shall order that such records be expunged.

(e) Expungement under subsection (d) hereof shall operate as an absolute obliteration of the fact and record of the conviction expunged, and shall entitle the individual in question, in all instances in which he is requested or required to divulge criminal convictions, to state unequivocally that no such conviction has occurred.

[10] Section 3711, title 5 of the Virgin Islands Code states in relevant part:

(c) *Probation without conviction.*

(1) Upon finding of guilty or upon receipt of a verdict of guilty or plea of guilty wherein the alleged offense did not result in the personal injury or death of any person and where no deadly weapon was used in perpetrating the crime, the court may, without entering a judgment of guilty or accepting the plea and with the consent of the defendant, defer further proceedings and place the defendant on probation upon such terms and conditions as it may require . . . . Upon fulfillment of the terms of probation the defendant shall be discharged without court adjudication of guilt, and an order shall be entered expunging the finding, verdict or plea of guilty as the case may be.

circumstances of these cases, and we have found none. Appellants never asserted that any regulation or case law precedent confers upon any or all of them an entitlement or right to have their arrest and booking records sealed or expunged.

In all three cases, and particularly in the cases of Appellants Santiago and Lockhart, the "Stipulated Motions to Dismiss Without Prejudice and Expungement of Record" are adroitly crafted to avoid any mention of the evidence in the cases or any inkling of the quantum of evidence against the Appellants. These Stipulated Motions are bereft of any information, which creates circumstances tantamount to unusual, extreme, or extraordinary circumstances, warranting the expungement of Appellants' records. The Stipulated Motions offer no cogent basis for the trial court to invoke its equitable powers to grant expungement.

Considering the paucity of information in the parties' joint Stipulated Motions and Stipulated Petition, in conjunction with the standard of extraordinary, extreme or exceptional circumstances to warrant expungement or sealing of arrest or booking records, the joint Stipulated Motions and Stipulated Petition are disconcertingly deficient. The content of the joint Stipulated Motions and Nugent's Stipulated Petition offer the trial court no meaningful option other than to summarily deny the Motions and Stipulated Petition for expunging and sealing of the arrest and booking records. Likewise, Appellants' cases offer no basis for affording the Stipulated Motions and Stipulated Petition favorable consideration.

The fact that these cases involve Stipulated Motions and a Stipulated Petition to dismiss does not imply that the government has conceded Appellants' innocence. Moreover, there is nothing in the record before us from which we can plausibly conclude that the Appellants are innocent of the charges. Similarly, the People's neutral position in these cases does not vouchsafe Appellants' innocence.

In Santiago's and Lockhart's cases, the parties' Stipulated Motions made no mention of the underlying arrests being unconstitutional or otherwise legally infirm. Also, in Nugent's case, the Stipulated Petition to expunge the record does not dispute the validity of Nugent's arrest. The Stipulated Petition states only that "Yahanatan Nugent maintain[ed] his innocence from the date of his arrest and throughout the entire proceedings." (J.A. at 43.) This assertion is superfluous and of no consequence, because Nugent is deemed innocent until proven guilty.

██ Crucially, in all three cases, the Superior Court found probable cause to support Appellants' arrests. There is no evidence to confirm that any of these cases involves an instance of possible mistaken identity. Likewise, no party in these cases contends or infers that the wrong person was arrested. In its response, the People does not aver that there is a lack of evidence to support the charges against the Appellants, which would favor expunging or sealing of the arrest records. To reemphasize, the People has not expressed a belief that Appellants are innocent of the charges. The People does not concede that Appellants' Constitutional Rights were violated when they were arrested or at any stage of their individual cases. Lastly, Appellants were not charged with crimes in a statute which has been adjudicated unconstitutional or that has been repealed. To conclude, Appellants have not advanced a trenchant basis to support expunging or sealing their arrest or booking records.

## D. Santiago and Lockhart are Entitled to Have Their Agreements Reconsidered

██ ██ We will remand two case to the Superior Court to afford Santiago and Lockhart an opportunity to withdraw from their respective agreements upon which the Superior Court's February 12, 2007 and March 27, 2007 Orders are based.[11] The Orders are based upon the parties' respective agreements to expunge and to seal Santiago's and Lockhart's records, a procedure that is not authorized in law. However, the Superior Court accepted the parties' respective agreements, and then corrected its initial Orders to not expunge the Appellants' records, without first giving either Santiago or Lockhart an opportunity to withdraw from her agreement or otherwise reconsider her respective agreement with the People.

Our decision today makes clear that these parties' agreements to expunge and to seal arrest and booking records were not authorized under

---

[11] Whether the Appellants should be afforded an opportunity to reconsider their respective dismissal agreements was not raised by the parties. However, even if parties do not so argue, the court must take corrective action whenever a matter affects "the fairness, integrity or public reputation of the judicial proceeding." *See, e.g., United States v. Gibson*, 356 F.3d 761, 767 (2004) ("Gibson makes no argument that the error at issue affects the fairness, integrity, or public reputation of the judicial proceedings. The fact remains, however, that Gibson was sentenced to a term of imprisonment that exceeds the maximum provided in the count of conviction. To allow an illegal sentence to stand would impugn the fairness, integrity, and public reputation of the judicial proceeding that have taken place in this case").

Virgin Islands law. Moreover, no party in these cases may expunge or seal the Superior Court's or the Executive Branch's records. Santiago and Lockhart are like defendants who entered pleas of guilty, pursuant to plea bargain agreements with the prosecutor wherein the defendants agreed to particular sentences in exchange for their guilty pleas. But after their pleas are accepted, the court concludes that their sentences were unauthorized in law. In such cases, the general rule is that the defendant has the option of accepting a proper sentence or withdrawing the plea because of the unauthorized sentences. *See generally* Christopher Vaeth, Annotation, *Guilty Plea as Affected by Fact That Sentence Contemplated by Plea Bargain is Subsequently Determined To Be Illegal or Unauthorized*, 87 A.L.R.4TH 384 (1991). It follows, therefore, that Santiago and Lockhart should be allowed to conform their agreements to the requirements of Virgin Islands law or to withdraw from their agreements.

## E. Reopening Nugent's Case

■ When Nugent's criminal case was dismissed, the case terminated, because no appeal was perfected from the trial court's dismissal order. Nonetheless, Nugent seeks to resurrect a terminated case, after approximately twenty-one (21) months. He fails to cite any statute or caselaw precedent for reopening his case to address an ancillary matter. Even with a clear jurisdictional grant, we disfavor reopening cases. *See, e.g., Immigration and Naturalization Serv. v. Abudu*, 485 U.S. 94, 96, 108 S. Ct. 904, 99 L. Ed. 2d 90 (1988).[12]

■ ■ It is noteworthy that the parties' joint Stipulated Petition in Nugent's case does not establish that Nugent was factually innocent or that his arrest was constitutionally infirm and that maintaining his criminal record in the public domain is detrimental to the public interest. Therefore, at the onset, his case is a poor candidate for expungement. We

---

[12] The United States Supreme Court explained that the judicial response to reopening is not limited to the immigration context:

> The reasons why motions to reopen are disfavored in deportation proceedings are comparable to those that apply to petitions for rehearing, and to motions for new trials on the basis of newly discovered evidence. There is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases.

*Abudu*, 485 U.S. at 107.

are mindful of the "strong public interest in bringing litigation to a close[,]" *id at* 107, and that "[t]he doctrine of ancillary jurisdiction does not give [trial] courts the authority to reopen a closed case whenever a related matter subsequently arises." *Dunegan*, 251 F.3d at 479. Nevertheless, Nugent argues that the trial court should have exercised its ancillary jurisdiction over his case and consider the expungement issue. The concept of ancillary jurisdiction in expungement cases is usually applied in federal courts.[13]

 "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citations omitted). We are not a federal court, but we find *Kokkonen* useful in our discussion of ancillary jurisdiction raised by Nugent. We will also conclude that the Superior Court lacks jurisdiction even under this analysis. *Kokkonen* outlined that a court's ancillary jurisdiction is limited and that a court may only exercise its ancillary jurisdiction under two circumstances: "(1) to permit disposition by a single court of claims that are . . . factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (internal citation omitted).

Federal courts applying *Kokkonen* are split regarding the amplitude of a trial court's ancillary jurisdiction. The Second, Seventh, Tenth, and D.C. Circuits Courts of Appeals have concluded that federal trial courts have ancillary jurisdiction to expunge. *See United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) ("[C]ourts do have jurisdiction to expunge records maintained by the judicial branch."); *Livingston v. U.S. Dep't of Justice*, 245 U.S. App. D.C. 54, 759 F.2d 74, 78 (D.C. Cir. 1985) ("It is well established . . . that courts have the inherent, equitable power to expunge arrest records."); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *Schnitzer*, 567 F.2d at 539.

---

[13] *See generally* 20 AM. JUR. 2D *Ancilliary Jurisdiction* § 85 (Westlaw Update 2008) ("Although the primary jurisdiction of a court is its power to hear and adjudicate the cases brought before it, it also has ancillary jurisdiction to take actions that are incidental to the exercise of its primary jurisdiction.")

In general, the First, Third, Eighth, and Ninth Circuits Courts of Appeals have held that federal trial courts do not have ancillary jurisdiction to expunge records of criminal convictions, unless the records sought to be expunged were constitutionally or statutorily infirm. *See United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007); *United States v. Meyer*, 439 F.3d 855, 859-60 (8th Cir. 2006) ("In light of the Supreme Court's instruction narrowing the scope of ancillary jurisdiction in [*Kokkonen*], we are convinced that a [trial] court does not have ancillary jurisdiction to expunge a criminal record based solely on equitable grounds."); *Dunegan*, 251 F.3d at 480; *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000).

■■■■ We have concluded that because there is no statutory law or exceptional circumstances expressly empowering the Superior Court to expunge or to seal an arrestee's arrest record under the circumstances of Nugent's case, that court lacks jurisdiction to expunge and seal his arrest record. *See supra* C (3). Therefore, the latter line of cases coincides with our conclusion in this case. The *Dunegan* court, for example, noted that the purposes of a court's ancillary jurisdiction do not "contemplate a petition for the expungement of a criminal record." *Dunegan*, 251 F.3d at 479. Importantly, Nugent's petition, as the petition in *Dunegan*, is devoid of a claim of "Constitutional or statutory infirmity in the underlying criminal proceedings or on the basis of an unlawful arrest or conviction." *Id* at 480. Also, Nugent's case presents no extraordinary, exceptional, or extreme circumstance, and he presents no showing that the public's interest will be harmed by the government retaining his arrest record.[14]

■■■■ Nugent's claim that the trial court abused its discretion fails. It is hardly an abuse of the Superior Court's discretion for it to dismiss a petition over which it lacks jurisdiction. *See Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976) (explaining abuse of discretion). Nugent's case is different from a case in which a court having jurisdiction decides to entertain an expungement petition outside its normal procedures. For example, in

---

[14] Since the *Dunegan decision*, the United States Court of Appeals for the Third Circuit has clarified, and we agree, that "[o]ur precedent clearly establishes that we have jurisdiction over petitions for expungement only when the validity of the underlying criminal proceeding is challenged." *Rowlands*, 451 F.3d at 178. Accordingly, Nugent's case does not qualify for the trial court's exercise of its statutory jurisdiction for expunging Nugent's criminal record. *See also Supra* I (V)(C)(1).

*People v. Lau*, 2007 Guam 4, ¶ 2 (Guam Terr. 2007), the Supreme Court of Guam discussed the propriety of a motion for expungement filed as a post-judgment motion within a criminal case, as Nugent has done, instead of filing a separate civil action. In that case, the time to appeal had also expired.

In Nugent's case, the request for expunging and sealing his arrest record was not incorporated in the order dismissing the criminal case. Generally, requesting expungement pursuant to a statute is considered a civil matter. *See, e.g., Baker v. State*, 877 So. 2d 639, 640-41 (Ala. Crim. App. 2003) (court found that expungement is a matter for state's civil appeals court); *State v. Brasch*, 118 Ohio App. 3d 659, 662, 693 N.E.2d 1134, 1136 (1997) ("Expungement is a civil remedy. . . . "); *Ex Parte Jackson*, 132 S.W.3d 713, 715 (Tex. App. 2004) ("Although . . . the expunction statute is included in the code of criminal procedure, an expunction proceeding is a civil proceeding[.]"); *Lau*, 2007 Guam 4, ¶ 4 ("Guam's general expungement statute is codified in the criminal procedure section of the code, but, as other courts have found, this location in the criminal procedure code does not control, and expungement under [Guam's expungement statute] is a civil matter."). The trial court's general directive that a petition for expungement (not necessarily in Nugent's case) should be filed in civil court is not arbitrary, fanciful, or unreasonable, provided the trial court statutorily has jurisdiction to adjudicate the petition or the complaint seeking expungement. Under the facts of Nugent's case, no statutory provision or constitutional violation exists to grant the trial court jurisdiction to hear Nugent's Stipulated Petition to expunge his arrest records.

## V. CONCLUSION

We hold that Appellants have failed to offer any extenuating, extreme, unusual or extraordinary circumstances to justify expunging or sealing Appellants' arrest and booking records. We further hold that Appellants have not satisfied any prerequisite for sealing or expunging their arrest and booking records. Also, we hold that there is no statutory law providing for expunging and sealing of Appellants' arrest and booking records consistent with the facts of Appellants' cases.

Additionally, we conclude that the trial court, which lacked jurisdiction in Nugent's case, did not abuse its discretion when it rejected the parties' joint Stipulated Petition to expunge and to seal Nugent's arrest record.

However, we will remand the other cases for the trial court to afford Santiago and Lockhart an opportunity to withdraw from their Stipulated Agreements with the People or alternatively to accept our decision denying their Stipulated Motions with the People to have their arrest and booking records sealed and expunged. The trial court's decision that it lacked jurisdiction in Nugent's case is affirmed.