# In Re: Petition of Expungement of Criminal Record concerning CONFESOR GONZALEZ MEJIA

Case No. ST-13-MC-11

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

May 13, 2013

140

**DUNSTON,** *Judge*

## MEMORANDUM OPINION

### (May 13, 2013)

Petitioner Confesor Gonzalez Mejia, *pro se*, filed a Petition for Expungement[1] on April 3, 2013, seeking expungement of the records related to his 2005 conviction of Driving Under the Influence of Intoxicating Liquor in violation of 20 V.I.C. § 493 (a)(1). Petitioner successfully completed all terms of his probation on June 20, 2006.

Considering a recent Memorandum Opinion issued by Magistrate Alan D. Smith, on March 26, 2013, *In re: Petition for Expungement of Criminal Records Concerning Chanel A. Dorset*, ST-13-MC-04, 2013 V.I. LEXIS 23, the Court must determine whether the Superior Court has authority pursuant to 5 V.I.C. § 3731 *et seq.*, to consider and subsequently grant expungement for misdemeanor convictions. *Dorset* suggests, without holding, that the Superior Court exceeded its rulemaking authority when it enacted SUPER. CT. R. 400.6 and R. 400.6.1 because these rules go beyond the statutory construction of 5 V.I.C. § 3731 *et seq.*, thereby circumventing the powers of the Legislature.[2] This Court, considering the language of 5 V.I.C. § 3731 *et seq.*, and relevant legal

---

[1] Mejia's Petition fulfills all the procedural requirements necessary under 5 V.I.C. § 3735. 5 V.I.C. § 3735 provides that:
 (a) The Petition for expungement must include the following:
 (1) The name of the Petitioner;
 (2) The offense for which the Petitioner was arrested; and
 (3) A certified copy of the arrest, complaint or information.
 (b) The Petition must also include the following:
 (1) A copy of the Petitioner's criminal record; and
 (2) A sworn statement by the Petitioner that there are no charges pending against him.
 (c) The Petitioner shall serve the Department of Justice . . .

[2] *See also* Memorandum Opinion, *In Re: Petition for Expungement of Criminal Records Concerning Camala S. Williams*, ST-11-MC-41, Mar. 28, 2012.

standards, agrees with the *Dorset* Court, and such a decision would thereby invalidate SUPER. CT. R. 400.6 and R. 400.6.1.

## STANDARDS

■ As the *Dorset* Court points out, the "Superior Court's rule-making authority derives from the Revised Organic Act."[3] Under 48 U.S.C. § 1611(c), "[t]he rules governing the practice and procedure of the courts established by local law . . . shall be governed by local law or the rules promulgated by those court."[4] However, the Superior Court's rule-making authority is limited because, in order to respect the exclusive right of the legislature to enact substantive law, when enacting procedures to implement the provisions of a statute the Superior Court (1) may not go beyond a reasonable interpretation of the statute; and (2), may not enact "substantive" rather than "procedural" law.[5]

■ In *Government of the Virgin Islands v. Durant*, the Supreme Court adopted the following standard describing the difference between substantive and procedural rules:

> A procedural rule regulates the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them[6]. . . . A substantive rule of law, on the other hand, creates and defines the rights, duties, and obligations that are subsequently administered by procedural rules of law.[7]

---

[3] Memorandum Opinion, *In re: Petition for Expungement of Criminal Records Concerning Chanel A. Dorset*, Mar. 26, 2013, page 2.

[4] 48 U.S.C. § 1541 *et seq.*

[5] *See In re Richards*, 213 F.3d 773, 42 V.I. 469, 483 (3d Cir. 2000) ("It is clear from this provision [, 48 U.S.C. § 1611(c),] that the rules promulgated by the Territorial Court must be respectful of the legislature's power to enact substantive law."); 1 V.I.C. §§ 41-52.

[6] 49 V.I. 366, 373 (internal citations omitted) (*quoting Hanna v. Plumer*, 380 U.S. 460, 464, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)) (*quoting Sibbach v. Wilson & Co.*, 312 U.S. 1, 14, 61 S. Ct. 422, 85 L. Ed. 479 (1941)); *see Hanna*, 380 U.S. at 471 ("The line between 'substance' and 'procedure' shifts as the legal context changes.").

[7] *Durant*, 49 V.I. at 373 (internal citations omitted) (*quoting In re: Richards*, 52 F. Supp. 2d 522, 40 V.I. 161 (D.V.I. 1999), *aff'd in part and rev'd in part, In re:Richards*, 42 V.I. at 469 (3d Cir. 2000) (*citing Hanna*, 380 U.S. at 464).

142

"While a procedural rule may affect a substantive right, any such effect must be incidental and may not materially modify a right granted by the substantive rule of law."[8]

 Further, under the Canons of Statutory Construction,[9] "the plain meaning of a statute is controlling, absent ambiguity."[10] However, when a statute is subject to conflicting interpretations or the interpretation results in an illogical outcome, "courts should ascertain and give effect to the intention of the legislative body," and "select the one which is rational and sensible."[11] To determine legislative intent, courts often read the statute as a whole,[12] looking to the statutory language itself, the subject and purpose of the statute, and any available legislative history.[13]

## ANALYSIS

In order to resolve this question, the Court must first determine whether a plain-language reading of 5 V.I.C. § 3731 *et seq.*, as passed by the Legislature on November 10, 2009, and signed into law by the Governor

---

[8] *Todmann v. People of the Virgin Islands*, 57 V.I. 540, 544 (V. I. 2012) (*quoting Durant*, 49 V.I. at 373) (*quoting In re Richards*, 52 F.Supp. 2d at 528). The standard in *Durant*, however, is largely language taken from the United States Supreme Court's interpretation of the Rules Enabling Act, 28 U.S.C. § 2072 (1958) in *Hanna v. Plumer*, 380 U.S. 460, 464, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965). The Rules Enabling Act, 28 U.S.C. § 2072 (1958) states that "[t]he Supreme Court [of the United States] shall have the power to prescribe, by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts of the United States in civil actions. . . . Such rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury."

[9] *Cf.* 1 V.I.C. § 41 *et seq.*

[10] *Crawford v. Daly*, 55 V.I. 66, 80, 2010 WL 5677946, at *8 (V.I. Super. 2010).

[11] *Rodenbough v. United States*, 25 F.2d 13, 15 (3d Cir. 1928). *See Port Constr. Co. v. Gov't of the Virgin Islands*, 359 F.2d 663, 5 V.I. 549, 553-54 (3d Cir. 1966) ("It is an established canon of statutory construction that all the provisions of a statute upon a subject are to be harmonized and read together so as to effectuate the purposes of the statute. And this is to be done in the light of the presumed desire and intent of the Legislature to enact a statute that is constitutional and otherwise valid.").

[12] *See* 1 V.I.Op.A.G. 119, 120 ("[T]hat interpretation which is reasonable and in harmony with the rest of the statute is preferable and more likely right than an interpretation which though reasonable standing by itself creates conflict and disharmony when matched with the rest of me statute."); 1 V.I.Op.A.G. 67, 68 ("The rule of statutory construction is that the interpretation of a certain part of a statute is acceptable which enables the part to be consistent with the whole, i.e., with the entire statute.").

[13] *See Rodenbough*, 25 F.2d at 15; *see generally* West's ALR Digest Statutes k181(1), ALRDG 36 1K181(1).

143

on November 25, 2009, authorizes the Superior Court to grant expungement for misdemeanor convictions. If 5 V.I.C. § 3731 *et seq.*, does not authorize expungement for misdemeanor convictions, SUPER. CT. R. 400.6 and R. 400.6.1 are invalid because they clearly are "substantive" and go beyond the meaning of 5 V.I.C. § 3731 *et seq.*

In this Court's view, 5 V.I.C. § 3731 *et seq.* does not permit the Court to grant expungement of misdemeanor convictions. The only mention of "misdemeanor convictions" is in the title of 5 V.I.C. § 3734, "Expungement of Misdemeanor Convictions." Pursuant to 1 V.I.C. § 45, "the descriptive headings or catch lines, other than the section numbers contained therein, immediately preceding the texts of the individual section of this Code . . ." do not constitute part of the law. Thus, a plain language reading[14] of 5 V.I.C. § 3734 absent the descriptive heading simply provides that:

> A person who wishes to have his record expunged under this section must petition the Superior Court of the Virgin Islands and send a copy of the petition to the Department of Justice.

As the *Dorset* Court aptly points out, a plain reading of this section seems to simply require that a petition for expungement be submitted to the Superior Court and a copy be sent to the Department of Justice. This plain-language reading of 5 V.I.C. § 3734 is neither illogical nor ambiguous and seems to have an independent meaning despite the next section, 5 V.I.C. § 3735, which details the particular information that must be provided in the expungement petition.

Even assuming, *arguendo*, that a plain-language reading of 5 V.I.C. § 3731 *et seq.* could be read as illogical or ambiguous,[15] a review

---

[14] 1 V.I.C. § 42 provides that "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to their peculiar and appropriate meaning." 1 V.I.C. § 44 provides that "[t]he classification and organization of the titles, parts, chapters, subchapters, and sections of this Code, and the headings thereto, are made for the purpose of convenient reference and orderly arrangement, and no implication, inference, or presumption of legislative construction shall be drawn therefrom."

[15] While it is this Court's view that the statute is not ambiguous, the Court can understand why some question as to the meaning of the 5 V.I.C. § 3734 exists. Specifically, reading 5 V.I.C. § 3734 as a purely procedural requirement that does not authorize the expungement

of the relevant legislative history clearly demonstrates that it was the Legislature's intent to not permit the Superior Court to consider expungements for misdemeanor convictions. As it was originally proposed and introduced by Senator Shawn-Michael Malone on September 14, 2009, the bill provided clear provisions for the expungement of misdemeanor convictions. Specifically, the proposed 5 V.I.C. § 3734, entitled "Expungement of Misdemeanor Conviction" provided:

> (a) A defendant who was convicted of a misdemeanor may peti-
> tion the Superior Court of the Virgin Islands to have his record
> expunged after two years of their conviction if:
>
> > (1) The person has not had any other arrest during the two
> > years;
> >
> > (2) The person has made restitution; and
> >
> > (3) The person has successfully completed their probation.
>
> (b) A person who wishes to have his record expunged under this
> section, must petition the Superior Court of the Virgin Islands
> and send a copy to the Department of Justice.[16]

---

of misdemeanor convictions, has the following implications on the statute as a whole: (1) 5 V.I.C. § 3734 is partially duplicative of the section immediately following it, 5 V.I.C. § 3735; (2) the language in 5 V.I.C. § 3734 "under this *section*,"[15] (emphasis added) is meaningless because 5 V.I.C. § 3734, absent the title, would provide no circumstances under which a person could seek expungement under that particular section, *see Abramson* 765 F. Supp. at 261 ("It is a fundamental principle of statutory construction that the court must give effect, if possible, to every provision of a statute so that no part will be left inoperative, superfluous, void, or insignificant"); (3) 5 V.I.C. § 3739 states that the "Superior Court may order the disclosure of the *expunged conviction records* . . . . " (emphasis added), which is contradictory because the statute does not authorize expungement of convictions; and (4) although titles of a statute are not considered law under 1 V.I.C. § 45, they may be an indication of legislative intent when a statute is otherwise ambiguous. *See Keenan v. Price*, 68 Idaho 423, 439, 195 P.2d 662 (1948) (noting that a title may be resorted to as an aid to construction); 2A SUTHERLAND STATUTORY CONSTRUCTION § 47:3 (7th ed.) ("Titles have a communicative function. They are interpreted according to the following well-established rules: (1) The title cannot control the plain words of the statute. (2) In case of ambiguity the court may consider the title to resolve uncertainty in the purview of the act or for the correction of obvious errors. . . . Since the title of an act is essentially a part of the act and is itself a legislative expression of the general scope of the bill, it is proper to consider it in arriving at the intent of the legislature.").

[16] 28th Leg., Bill No. 28-0151 , 5 V.I.C. § 3735 (proposed Sept. 14, 2009).

The proposed legislation even provided for the expungement of non-violent felony convictions and violent crime convictions.[17] However, during the floor debate held on October 28, 2009, Senators Shawn-Michael Malone and Usie R. Richards clearly noted that, during the Rules and Judiciary Committee debate, the bill was amended to only allow for the expungement of records that did not result in a conviction.[18] Thus, the removal of practically all[19] of the statutory language regarding conviction records in 5 V.I.C. § 3731 *et seq.*, coupled with the testimony of the two Senators,

---

[17] *See* 28th Leg., Bill No. 28-0151, 5 V.I.C. § 3736 (proposed Sept. 14, 2009).

[18] *See* 28th Leg., Regular Session, Oct. 28, 2009, Part III, at 55-56 (testimony of Sen. Shawn-Michael Malone) ("As the primary sponsor of Bill-28-0151, I'd like to take this opportunity to thank Senator Richards who, a member of the Rules Committee, moved this legislation and I understand amended it appropriately, and to thank Attorney Harold Willocks for their input in at least for the first time putting on the books of this territory's statutes an expungement statute where those persons who *arrested and were not convicted* can have their records clean and hopefully eliminate the need for those who can't get a job to once again now have the opportunity to be gainfully employed. . . . And of course there are many states, Pr. President and colleagues, that have expungement statutes. Some are very extensive, some are not. I think the original draft of the bill kind of scared a few people, but . . . . this particular statute lies strictly in the hands of the courts and it's a guideline statute. It doesn't mean that if you commit a heinous crime that the courts are going to grant it. You still would have to petition the court, a hearing has to be sent, and the judge would decide whether or not based on the arguments and the merits whether or not that person's record should be expunged. But you know, just not to create any fair and craziness in the community, . . . I understand from what I listened to in the debate just took all that stuff out and relegated it *just to the arrest with no convictions* and we're all happy for now.") (emphasis added); 28th Leg., Regular Session, Oct. 28, 2009, Part III, at 63-64 (testimony of Sen. Usie R. Richards) ("I had submitted a drafting request for the expungement of arrest records, and when I found out that I was pre-empted, I located the person that had the rights, that do happen to be Senator Malone, and inclusive in his bill was not only the expungement of records of arrests, but the expungement of convictions. And there is a clear distinct difference. Last Thursday, in the Rules and Judiciary meetings, we had the Deputy Attorney General Charlotte Poole-Davis, we had the Chief Public Defender Harold Willocks, and we had all seven members of the Rules and Judiciary Committee present who grilled them on both ends. As one of the primary sponsors, when I saw the concern being raised and to assure that we would address a large percentage in this community who have been picked up, arrested, booked, fingerprinted, and in some instances not even gone to trial but still maintain an arrest record, in some instances have gone to trial and found not guilty but still has an arrest record. [Therefore] . . . we went through the bill and had an amendment passed by all members of the Rules and Judiciary Committee.")

[19] 5 V.I.C. § 3739 states that the "Superior Court may order the disclosure of the *expunged conviction records* . . . ."

presents a clear indication of legislative intent to not allow the expungement of misdemeanor convictions.[20]

As such, SUPER. CT. R. 400.6 and R. 400.6.1 clearly go beyond a reasonable interpretation of the statute on its face, and further, are substantive rather than procedural in nature under *Durant*. Specifically, SUPER. CT. R. 400.6 and R. 400.6.1 create limits and define rights not expressly granted by the Legislature. SUPER CT. R. 400.6.1 even goes so far as to create "categories" of "eligible misdemeanors" based on the maximum statutory period of incarceration and whether the crime involved violence, a threat of violence, or a sexual offense.[21] These categories determine the amount of time that must expire before the Superior Court may consider the expungement petition.[22] Thus, for the foregoing reasons, it is this Court's view that the Superior Court exceeded its rulemaking authority when it enacted SUPER. CT. R. 400.6 and R. 400.6.1.

Accordingly, because SUPER. CT. R. 400.6 and R. 400.6.1 are invalid and the Legislature has not provided for the expungement of misdemeanor convictions, Petitioner Confesor Gonzalez Mejia's April 3, 2013, Petition for Expungement shall be denied. An Order consistent with this Memorandum Opinion shall issue.

---

[20] *See generally* 2A SUTHERLAND STATUTORY CONSTRUCTION § 47:38 (7th ed.); *see Saslow v. Previti*, 17 N.J. Misc. 29, 3 A.2d 811, 813 (N.J. Sup. Ct. 1939) ("The courts of our State are not clothed with the power to supervise legislation and the power to construe does not embrace the power to legislate.").

[21] SUPER. CT. R. 400.6. 1.

[22] SUPER. CT. R. 400.6.1.