# In Re: Petition for Expungement of Criminal Record concerning BONIFACE FLAVIUS

Case No. ST-15-MC-46

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

September 14, 2015

366

367

368

BONIFACE FLAVIUS, Petitioner, St. Thomas, USVI, *Pro se.*

CLAUDE WALKER, ESQ., Acting Attorney General, St. Thomas, USVI, *For the People of the Virgin Islands.*

DUNSTON, *Judge*

## MEMORANDUM OPINION

(September 14, 2015)

This matter is before the Court on Petitioner's *pro se* Petition for Expungement, filed on July 10, 2015, seeking expungement of records related to his August 25, 2009, arrest. Because the Petition contains several deficiencies, the Petition will be denied without prejudice. Even if these deficiencies are corrected, the Court maintains discretion to deny the Petition.

## FACTS AND PROCEDURAL HISTORY

An August 31, 2009, Information in Case No. ST-09-CR-434 alleged that on or about July 25, 2009, Petitioner Boniface Flavius perpetrated crimes of mayhem in violation of 14 V.I.C. § 1341(a)(1) (Count I), using a dangerous weapon during the commission of a mayhem in violation of 14 V.I.C. § 2251(a)(2)(B) (Count II), assault in the first degree in violation of 14 V.I.C. § 295(3) (Count III), using a dangerous weapon during the commission of a first degree assault in violation of 14 V.I.C. § 2251(a)(2)(B) (Count IV), assault in the second degree in violation of 14 V.I.C. § 296(3) (Count V), using a dangerous weapon during the commission of a second degree assault in violation of 14 V.I.C. § 2251(a)(2)(B) (Count VI), assault in the third degree in violation of 14 V.I.C. § 297(2) (Count VII), and using a dangerous weapon during the commission of a third degree assault in violation of 14 V.I.C. § 2251(a)(2)(B) (Count VIII). Flavius was arrested on August 25, 2009, but on May 27, 2010, the People moved to dismiss the case without prejudice on the grounds that "in the interests of justice as recent developments in this matter . . . place the People in a position that it no

longer has a degree of certainty that it can prove its case beyond a reasonable doubt."[1]

Subsequently, on September 16, 2011, Flavius was arrested and charged for driving under the influence of an intoxicating liquor in violation of 20 V.I.C. § 493(a)(1) (Count I), driving with a blood alcohol level of .08 percent or more in violation of 20 V.I.C. § 493(a)(2) (Count II), and reckless driving in violation of 20 V.I.C. § 492 (Count III), in *People of the Virgin Islands v. Boniface Flavius*, Case No. SX-11-CR-676. As reflected in a July 12, 2012, Judgment, Flavius and the People entered into a plea agreement, wherein Flavius pled guilty to Count II, driving with a blood alcohol content of .08% or more in violation of 20 V.I.C. § 493(a)(2), in exchange for the dismissal of the remaining counts with prejudice.

On July 10, 2015, Flavius filed the subject Petition for Expungement seeking to expunge the records associated with his arrest for crimes that allegedly occurred on or about July 25, 2009. The People did not file a response.

## STANDARDS

### I. EXPUNGEMENT OF CRIMINAL RECORDS

On November 25, 2009, the Virgin Islands Legislature adopted Act No. 7136 and amended Title 5 of the Virgin Islands Code by adding chapter 314, which sets forth the statutory scheme for expungement of criminal records. This Court, through its rule-making authority, adopted rules setting forth procedures for implementing the expungement statute of the Virgin Islands Code on July 20, 2010.[2]

On July 31, 2015, amendments to the expungement statute came into effect after the Virgin Islands Legislature overrode the Governor's veto and enacted Act No. 7712, "[t]he Second Chance for Jobs, Housing and Education After a Misdemeanor Conviction Act."[3] Although Flavius filed

---

[1] *See* People's Motion to Dismiss without Prejudice and attached Memorandum of Law, Case No. ST-09-CR-434.

[2] *See* SUPER. CT. R. 400 *et seq.*

[3] The Court declines to address the applicability of each Superior Court Rule in light of the 2015 amendments to 5 V.I.C. § 3735 *et seq.* as the Court's ruling here does not turn on such a determination.

his Petition for Expungement on July 10, 2015, the July 31, 2015, amendments are applicable to these proceedings, as 5 V.I.C. § 3741 explicitly states that the expungement statute is retroactive.[4]

As was the case prior to the 2015 amendments, in order for the court to consider the merits of a petitioner's Petition for Expungement, all of the procedural requirements of 5 V.I.C. § 3735,[5] and corresponding SUPER. CT. R. 400.2,[6] *inter alia*, must be satisfied. These requirements

---

[4] Title 5, chapter 314, Virgin Islands Code, was amended on April 9, 2011 to include 5 V.I.C. § 3741, which provides that "[t]his Chapter shall have retroactive effect."

[5] 5 V.I.C. § 3735, as amended, provides that:
 (a) The Petition for expungement must include the following:
 (1) The name of the Petitioner.
 (2) The offense for which the Petitioner was arrested: and
 (3) A certified copy of the arrest, complaint or information.
 (b) The Petition must also include the following:
 (1) A copy of the Petitioner's criminal record: and
 (2) A sworn statement by the Petitioner that there are no charges pending against him.
 (c) The Petitioner shall serve the Department of Justice, which has 30 days to respond. If the Department of Justice elects not to file an opposition to the Petition for Expungement, or does not file a timely objection, the Court may grant the Petition for Expungement.
 (d) The Superior Court may schedule a hearing for expungement despite the lack of opposition or response from the Department of Justice, if the Petitioner is seeking to have more than one record of misdemeanor conviction expunged.

[6] SUPER. CT. R. 400.2 provides that:
 (b) "A petition for expungement shall be signed under oath by the petitioner and shall include the following:
 (1) Petitioner's full name and all other legal names or aliases by which the petitioner has been known at any time
 (2) Petitioner's place and date of birth;
 (3) Petitioner's current address and address at the time of the offense or alleged offense;
 (4) The offense for which the petitioner was arrested and date of such arrest;
 (5) A certified copy of the arrest, report, complaint or information;
 (6) A certified copy of the petitioner's criminal record; and
 (7) A sworn statement by the petitioner that there are no charges pending against him or her.
 (c) The Petitioner must serve the petition upon the Attorney General . . . and shall have the burden of proving delivery and/or receipt of the petition

371

include that the petitioner serve the Department of Justice with a copy of the Petition for Expungement.[7] While the Department of Justice continues to have thirty (30) days to respond to the Petition, 5 V.I.C. § 3735(c) was amended to include, *inter alia*, that "[i]f the Department of Justice elects not to file an opposition to the Petition for Expungement, or does not file a timely objection, the Court may grant the Petition for Expungement."

## II. STATUTORY INTERPRETATION

█ Statutory interpretation is governed by the "Rules of Construction."[8] "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed."[9] However, when a statute is subject to conflicting interpretations or the interpretation results in an illogical outcome, "courts should ascertain and give effect to the intention of the legislative body," and "select the one which is rational and sensible."[10] To determine legislative intent, courts often read the statute as a whole,[11] looking to the statutory language itself, the subject and purpose

---

[7] 5 V.I.C. § 3735(c); SUPER. CT. R. 400.2(c).

[8] 1 V.I.C. §§ 41-52. 1 V.I.C. §§ 41-52 are consistent with the common law Canons of Statutory Construction.

[9] *In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2015) (citing *In re Reynolds*, 60 V.I. 330, 333 (V.I. 2013).

[10] *Rodenbough v. U.S.*, 25 F.2d 13, 15 (3d Cir. 1928); *see also In re L.O.F.*, 62 V.I. at 661 (citations omitted) ("[E]ven where a statutory scheme is plain and internally consistent, 'no statute should be read literally if such a reading is contrary to its objective [and] this Court must consider whether applying the statute's literal language leads to . . . absurd consequences or is otherwise inconsistent with the Legislature's intent' "); *see also Port Constr. Co. v. Gov't of the Virgin Islands*, 359 F.2d 663, 5 V.I. 549, 553-54 (3d Cir. 1966) ("It is an established canon of statutory construction that all the provisions of a statute upon a subject are to be harmonized and read together so as to effectuate the purposes of the statute. And this is to be done in the light of the presumed desire and intent of the Legislature to enact a statute that is constitutional and otherwise valid").

[11] *See* 1 V.I. Op. A.G. 119, 120 ("[T]hat interpretation which is reasonable and in harmony with the rest of the statute is preferable and more likely right than an interpretation which though reasonable standing by itself creates conflict and disharmony when matched with the rest of the statute."); 1 V.I. Op. A.G. 67, 68 ("The rule of statutory construction is that the interpretation of a certain part of a statute is acceptable which enables the part to be consistent with the whole, i.e., with the entire statute.")

of the statute, and any available legislative history.[12] In analyzing the statute as a whole, "we must give effect to every provision, making sure to avoid interpreting any provision in a manner that would render it — or another provision — wholly superfluous and without an independent meaning or function of its own."[13]

## ANALYSIS

### I. THE PETITION FOR EXPUNGEMENT IS PROCEDURALLY DEFICIENT.

■ Flavius' Petition contains deficiencies that must be corrected. First, the Petition fails to comply with the requirements of 5 V.I.C. § 3735(b)(2) and SUPER. CT. R. 400.2(b)(7) that a Petition for Expungement include a "sworn statement by the petitioner that there are no charges pending against him." Here, Flavius' sworn statement states that "I Boniface Flavius do not have any criminal record in the United States Virgin Islands."[14] Flavius' sworn statement renders his Petition procedurally deficient because it not only fails to state whether any criminal charges are pending against him, it is also inaccurate because he does, in fact, have a criminal record in the Virgin Islands.

Second, the Petition for Expungement[15] is incomplete and inaccurate with respect to his disclosure of his "entire criminal record, including all charges, convictions, stays of adjudication or imposition of sentence and pending actions for misdemeanors or felonies."[16] Flavius fails to disclose

---

[12] *See Rodenbough*, 25 F.2d at 15; *see generally* West's ALR Digest Statutes k181(1) ALRDG 361K181(1).

[13] *In re L.O.F.*, 62 V.I. 655, 661 (citing *Defoe v. Phillip*, 56 V.I. 109, 129 (V.I. 2012); *see also* 1 V.I.C. § 42 ("Words and phrases shall be read with their context"); *Ouley v. Estate of Bell*, 61 V.I. 480, 493 (V.I. 2014) (we must look to "the context surrounding each statute" to determine the Legislature's intent)).

[14] Petition for Expungement, July 10, 2015, p. 4.

[15] *See* SUPER. CT. R. 400.2(a) (referencing the form for a Petition for Expungement, labeled as "Form A" in the Appendix of the Chapter).

[16] SUPER. CT. R., Part X, Appendix; *see also* SUPER. CT. R. 400.2(a), ¶ 7 of a Petition for Expungement requests the petitioner provide the following information:

> My criminal record including all charges, convictions, stays of adjudication or imposition of sentence and pending actions for misdemeanors or felonies in the U.S. Virgin Islands, another state or territory, federal court, or a foreign country whether the conviction occurred before or after the offense for which expungement is sought, consists oft.
> Case # Jurisdiction Charge Date of Offense Conviction (Y/N) Date (if YES).

in the Petition his subsequent September 16, 2011, arrest and conviction for driving with a blood alcohol level of .08 percent or more.[17] Therefore, Flavius' Petition is procedurally deficient and should be denied at this time.

## II. EXPUNGEMENT OF CRIMINAL RECORDS THAT DO NOT RESULT IN A CONVICTION IS WITHIN THE COURT'S DISCRETION WHEN THE PETITIONER HAS BEEN SUBSEQUENTLY ARRESTED.

Even assuming, *arguendo*, that Flavius satisfied all of the procedural requirements of 5 V.I.C. § 3735 and SUPER. CT. R. 400.2, a fundamental issue regarding the extent of the Court's discretion to expunge criminal records remains. The expungement statute delineates instances in which the Court must expunge records upon Petition to the Court. Prior to the 2015 amendments, these instances were limited to those set forth in 5 V.I.C. § 3733(a) and applied only to records that did not result in a conviction. Section 3733(a), which was largely unchanged by the 2015 amendments with the exception of minor grammatical modifications, states the Court *must* expunge "records of an arrest, a criminal complaint or an information that does not result in a conviction . . . [w]here the case has been dismissed without prejudice and the statute of limitation has expired."[18]

▆ The 2015 amendments expand the instances in which the Court must expunge records to include those delineated in Section 3732, which, prior to the amendments, were in the Court's discretion.[19] In amending Section 3732, the Legislature substituted the word "must" for "may,"

---

[17] *See People of the Virgin Islands v. Baniface Flavius*, Case No. SX-11-CR-676. The Court must also question whether the omission was inadvertent or intentional.

[18] 5 V.I.C. § 3733(a)(I); *see also* SUPER. CT. R. 400.5(a)(1).

[19] 5 V.I.C. § 3732, as amended, provides that "[t]he arrest record, including fingerprints, mugshots and DNA samples, and any other police or judicial proceeding records of a person *must* be expunged upon petition to the Superior Court of the Virgin Islands when:

(1) A person successfully completes the Pretrial Intervention Program under title 5 V.I.C. Section 4611 et seq.:

(2) A person has received a statement of Nolle Prosequi, because the People are unable to meet their burden of proof;

(3) A person whose case has been dismissed with prejudice and the person has no other charges or arrest pending; or

374

thereby replacing permissive language with mandatory language. The plain language of Section 3732 makes clear that prior to the 2015 amendments, the Court had discretion to expunge records in the instances delineated in Section 3732, while expungement is now required.[20] Likewise, the plain language of 3733(a), that the Court "must" expunge records, also indicates that the Court is required to expunge records in the delineated instances that do not result in a conviction.

The Legislature has, however, provided exceptions for expungement of criminal records in Section 3733(b), which the Legislature elected not to change through the 2015 amendments. Section 3733(b) provides the following:

> The records of an arrest, complaint or information that does not result in a conviction *may* be expunged by petition to the court except:
>
> (1) Where a person flees the jurisdiction to avoid prosecution; or
> (2) Where a person has a subsequent arrest, unless there are extraordinary circumstances to which the court finds expungement in the best interest of public policy.[21]

The question, then, is whether the court retains discretion to grant or deny expungement when the circumstances fall within the instances set forth in Sections 3733(a) and 3732 that did not result in a conviction, but the petitioner has fled the jurisdiction to avoid prosecution or has been subsequently arrested, thereby triggering Section 3733(b).

Here, Flavius seeks to expunge records regarding felony charges from 2009. The statute of limitations for felonies of this type is three (3) years from the date of the offense.[22] Therefore, the statute of limitations for the

---

(4) A person has been arrested, and no complaint or information has been filed and the statute of limitation has expired. (*emphasis added.*)

[20] 5 V.I.C. § 3732 (2009) ("The arrest record, including fingerprints, mugshots and DNA samples, and any other police or judicial proceeding records of a person *may* be expunged by petition to the Superior Court of the Virgin Islands when . . .") (*emphasis added*); *cf.* 5 V.I.C. § 3732 (2015) ("The arrest record. including fingerprints, mugshots and DNA samples, and any other police or judicial proceeding records of a person *must* be expunged upon petition to the Superior Court of the Virgin Islands . . .") (*emphasis added*).

[21] (*Emphasis added*); *see also* SUPER. CT. R. 400.5(b).

[22] 5 V.I.C. § 3541(a)(2). Flavius was not charged with felonies falling under 5 V.I.C. § 3541(a)(1), which provides there is no statute of limitations for criminal actions for "mur-

People to commence an action against Flavius for these alleged offenses expired on July 25, 2012. Because the criminal case was dismissed without prejudice and not reinstituted before the expiration of the statute of limitations, the records fall within the mandatory expungement provisions of 5 V.I.C. § 3733(a)(1) and SUPER. CT. R. 400.5(a)(1), and expungement of the criminal records would be required upon Petition to the Court had Petitioner not been subsequently arrested.[23] Importantly, however, Flavius was arrested on September 16, 2011, triggering the discretionary expungement provisions of 5 V.I.C. § 3733(b)(2) and SUPER. CT. R. 400.5(b)(2), which specifically state that the Court may expunge criminal records that do not result in a conviction *except* "where a person has a subsequent arrest, unless there are extraordinary circumstances to which the court finds expungement in the best interest of public policy." Thus, the issue here is whether the Court maintains discretion to grant or deny expungement under Section 3733 when the prerequisites for mandatory expungement under subpart (a) are met but the petitioner has been subsequently arrested, triggering subpart (b).[24]

In order to resolve this issue, the Court must first determine whether a plain language reading of Section 3733 is unambiguous as to the applicability of subpart (b) to subpart (a). Both subparts of Section 3733 refer to the same type of criminal records, namely, those of an arrest, a complaint, or an information that does not result in a conviction. However, subpart (a) explicitly refers to mandatory expungements by delineating instances in which criminal records *"must* be expunged by [p]etition to the [c]ourt," while subpart (b) contrastingly refers to records that *"may* be expunged by petition to the court."[25] Although the subparts are contained in the same statute, entitled "[e]xpungement of criminal records — when expungement required," this is not indicative of whether

___

der, felony child abuse, felony child neglect, any felony sexual offense perpetrated against a victim, embezzlement of public moneys, and the falsification of public records." For all other felonies, criminal "action shall be commenced within three years after its commission." 5 V.I.C. § 3541(a)(2).

[23] The fact that Flavius' alleged comes occurred prior the Legislature's adoption of Section 3733(a) does not, in and of itself, impact his ability to seek expungement because 5 V.I.C. § 3741 provides that the expungement statute "shall have retroactive effect."

[24] The Court declines to address the broader issue of whether the exceptions of Section 3733(b) also apply to the instances delineated in Section 3732 because the facts here do not require such an analysis.

[25] 5 V.I.C. § 3733, *emphasis added.*

subpart (b) applies to subpart (a) because, when construing a statute, " 'the descriptive headings or catch lines, other than the section numbers contained therein, immediately preceding the texts of the individual section of this Code . . .' do not constitute part of the law."[26] Reading the subparts together, absent the heading, could indicate that the court has discretion to expunge criminal records that do not result in convictions in all instances except those specifically delineated in subpart (a), wherein expungement is required.

 Nevertheless, Section 3733 is susceptible to more than one interpretation regarding whether the exceptions of subpart (b) apply to the instances mandating expungement in subpart (a). One feasible interpretation is that the exceptions of subpart (b) only apply to discretionary expungements because the language of subpart (b) does not encompass mandatory expungements. Another equally feasible interpretation is that the exceptions of subpart (b) apply to all criminal records that do not result in conviction because "the fact that a statute uses mandatory requirements is not — in and of itself — dispositive . . . [of] whether the Legislature intended for the mandatory requirement to apply in every instance."[27] Thus, upon a plain language reading, it is the Court's view that Section 3733 is ambiguous because it is susceptible to more than one interpretation as to whether the exceptions of subpart (b) apply when the prerequisites for mandatory expungement under subpart (a) are met. Because the statute is ambiguous, inquiry into the Legislature's intent is necessary.

In doing so, the Court looks to the language of the expungement statute as a whole in search of circumstantial evidence of legislative intent. The Court first notes the nature of the subparts of Section 3733. Subpart (a) refers to the circumstances warranting automatic, *e.g.* mandatory,

---

[26] *In re Petition of Mejia*, 58 V.I. 139, 144 (V.I. Super. Ct. 2013) (citing 1 V.I.C. § 45).

[27] *See Hamed v. Hamed*, 63 V.I. 529, 540 (V.I. 2015) (citations omitted) ("We agree that the Legislature has established procurement of a marriage license as a mandatory requirement for entering into a marriage in the Virgin Islands. However, as subsequent decisions of this Court make clear, the fact that a statute uses mandatory requirements is not — in and of itself — dispositive, for even requirements couched an mandatory language may be equitably waived or judicially modified").

expungement of criminal records that do not result in a conviction.[28] In contrast, subpart (b) refers to the actions of the individual petitioner subsequent to the subject arrest, criminal complaint, or information that did not result in a conviction, specifically, whether the petitioner avoided prosecution by fleeing the jurisdiction or was subsequently arrested.[29] These exceptions align with the Virgin Islands' underlying policy for expungements, which remains relevant even after the enactment of the statutory scheme for expungements in 2009 and the recent 2015 amendments. Notably, Section 3733(b) requires the court to consider the Virgin Islands' public policy when assessing whether extraordinary circumstances exist to warrant the expungement of criminal records that do not result in a conviction when the petitioner has subsequently been arrested. The Legislature's decision not to modify Section 3733(b) in the 2015 amendments indicates that the Legislature intended for courts to continue referring to the existing public policy of the Virgin Islands when determining whether to expunge criminal records of a petitioner who has been subsequently arrested.

■ The policy of the Virgin Islands regarding expungements arises out of the Territory's interest in "[re]taining and preserving arrest records[, which] serves the important function of promoting effective law enforcement. Such records help to meet the 'compelling public need for an effective and workable criminal identification procedure.' "[30] Therefore, when determining whether to expunge criminal records, "[t]he

---

[28] 5 V.I.C. § 3733(a) provides: "The records of an arrest, a criminal complaint or an information that does not result in a conviction must be expunged by Petition to the Court:
 (1) Where the case has been dismissed without prejudice and the statute of limitation has expired.
 (2) Where the case has been tried and there was an acquittal.
 (3) Where there is a statement of Nolle Prosequi, and the People have not filed an information or complaint and the statute of limitation has expired.

[29] 5 V.I.C. § 3733(b) provides: The records of an arrest, a complaint or information that does not result in a conviction may be expunged by petition to the court except:
 (1) Where a person flees the jurisdiction to avoid prosecution; or
 (2) Where a person has a subsequent arrest, unless there are extraordinary circumstances to which the court finds expungement in the best interest of public policy.

[30] *People of the V.I. v. Creque*, 2010 V.I. LEXIS 9, *3 (V.I. Super. Ct. 2010) (citing *Govt of V.I. v Richardson*, 45 V.I. 326, 328 (Terr. Ct. 2004) (quoting *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977)).

government's need to maintain arrest records must be balanced against the harm that the maintenance of arrest records can cause citizens."[31] "As a result, there is a presumption in favor of the government maintaining arrest records and the petitioner seeking expungement must overcome this presumption."[32] Expungement is within the Court's discretion and, prior to the enactment and amendments of the expungement statute, was reserved only in extreme cases.[33] For example, criminal records have been expunged in cases where the petitioner is factually innocent, the records were generated through 'flagrant violations to the Constitution,' " or "when an arrest or conviction is constitutionally infirm."[34] In looking to federal case law for guidance regarding the Virgin Islands' policy on criminal records expungement prior to the enactment of 5 V.I.C. § 3731 *et seq.*, the Supreme Court of the Virgin Islands noted that "[e]xpungement of criminal records in cases of aborted prosecution has been sparsely and exiguously addressed in case law. Legal precedent instructs that absent extraordinary circumstances, the prosecutor aborting an action is not a basis for expungement."[35] Generally, "except for extenuating circumstances, if the Government has probable cause to arrest a Defendant, expungement of the Defendant's criminal records is not appropriate."[36]

▮ Through the enactment and amendment of Virgin Islands' expungement statute, it is clear the Legislature intended to broaden the scope of circumstances warranting the expungement of criminal records.[37] But, in viewing the statutory scheme as a whole, the Court does not conclude the Legislature intended to abrogate the Virgin Islands' policy limiting expungement in all circumstances, such as when the petitioner has fled the jurisdiction to avoid prosecution or has been subsequently arrested, particularly given the fact that courts still rely on

---

[31] *Id.*

[32] *Id.* at *4 (citing *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695 (5th Cir. 1997)) (other citations omitted).

[33] *Id.* (citations omitted).

[34] *Santiago v. People of the Virgin Islands*, 51 V.I. 283, 295 (V.I. 2009) (citing *Doe v. Webster*, 196 U.S. App. D.C. 319, 606 F.2d 1226, 1230 (D.C. Cir. 1979); *United States v. Noonan*, 906 F.2d 952, 956 (3d Cir. 1990)).

[35] *Id.* (citations omitted).

[36] *Richardson*, 45 V.I. at 329.

[37] *See* 5 V.I.C. §§ 3732-3733.

this policy when determining discretionary expungements.[38] Moreover, Section 3733(b) explicitly lists the presence of these factors as circumstances in which expungement should generally be denied.

■ The 2015 amendments to the expungement statute do not clarify the Legislature's intent on this issue because the amendments were geared towards the expungement of records for misdemeanor convictions. Misdemeanor convictions are not subject to the exceptions of Section 3733(b), which only apply to records that do not result in a conviction. Act No. 7712 is entitled "The Second Chance for Jobs, Housing and Education After a Misdemeanor Conviction Act," which the Legislature prefaces, as follows:

> **WHEREAS**, people convicted of a misdemeanor offense and serving less than one year in jail need a second chance. Many people who plea to a misdemeanor offense and serve only a few days to a few weeks in jail are unable to find work or housing after their conviction. They are then unable to provide support for their family, children, and some become a burden on society despite their ability and willingness to work; and
>
> **WHEREAS**, existing law does not provide for expungement of misdemeanor convictions; and
>
> **WHEREAS**, the Legislature finds that the protracted waiting period for petitioning the expungement of a misdemeanor conviction under the existing rules of the Superior Court hinders the rehabilitation and reentry into the community of those convicted of misdemeanors; and
>
> **WHEREAS**, it is the collective sense of the members of the Thirty-first [sic] Legislature that legislation providing for the expungement of misdemeanor convictions and establishing shorter waiting periods than those under court rules for filing expungement petitions is in the public interest.

While the Court may not consider the descriptive headings or catch lines of a statute as constituting part of the law,[39] the Court may look to the title and preface of the Act as evidencing legislative intent. In doing so, the Court finds the Legislature clearly amended the expungement statute to provide a

---

[38] V.I.C. § 3733(b).

[39] *See In re Petition of Mejia*, 58 V.I. at 144 (citing 1 V.I.C. § 45).

framework for the expungement of misdemeanor convictions, but did not clarify the Legislature's intent as to the expungements of records that do not result in a conviction in cases where the petitioner has been subsequently arrested.

■ Without clearer evidence of the Legislature's intent on this issue, the Court declines to find petitioners immune from the exceptions in Section 3733(b) simply because the procedural circumstances set forth in subpart (a) are met. In this Court's view, the exceptions set forth in Section 3733(b) apply to expungements of all criminal records that do not result in convictions, including those which are "mandatory" under subpart (a).

■ Accordingly, the Court finds the exception set forth in 5 V.I.C. § 3733(b)(2), that the Court may not expunge criminal records that do not result in a conviction "[w]here a person has a subsequent arrest, unless there are extraordinary circumstance to which the court finds expungement in the best interest of public policy," applies to the instances mandating expungement in Section 3733(a).

## III. ADDITIONAL INFORMATION IS NEEDED BEFORE THE PETITION FOR EXPUNGEMENT CAN BE GRANTED.

■ In light of the Court's finding that the exceptions set forth in 5 V.I.C. § 3733(b)(2) apply to Flavius' Petition, Flavius must provide the Court with additional information before the Court can consider granting expungement. Because Flavius was subsequently arrested, the Court may only expunge his criminal record arising from the crimes that allegedly occurred on July 25, 2009, if the Court finds extraordinary circumstances exist that render expungement in the best interest of public policy.

In *People of the Virgin Islands v. Creque*,[40] this Court found extraordinary circumstances were not present to outweigh the Government's need to preserve arrest records, and thus warrant expungement of a criminal record, solely because the defendant planned to join the National Guard.[41] In that case, the People did not concede Creque was factually innocent, and no evidence was offered that Creque's

---

[40] *People of the V.I v. Creque*, 2010 V.I. LEXIS 9 (V.I. Super. Ct. 2010).
[41] *Id.* at *5-7.

Constitutional rights were violated during his arrest.[42] There, this Court specifically noted that the fact that the People stated they did not have enough evidence to prove their case beyond a reasonable doubt did not establish that the defendant was factually innocent.[43]

Here, Flavius requests that expungement be granted because the criminal record is "hampering [him] from getting jobs" and he "did not commit the crime in which [he] was charged."[44] This information does not sufficiently establish extraordinary circumstances so that the Court may determine his Petition is meritorious because, as in *Creque*, the fact that the People dismissed the charges against Flavius without prejudice on the basis that they did not have enough evidence to prove their case beyond a reasonable doubt does not establish Flavius was factually innocent. Further, Flavius has not offered any evidence establishing his Constitutional rights were violated during his arrest. Moreover, Flavius has offered no evidence to dispute the probable cause for his arrest asserted in the Affidavit of the investigating detective. The fact that Flavius' criminal record is "hampering [him] from getting jobs" does not, in and of itself, show extraordinary circumstances warranting expungement of the record of the eight (8) felony offenses with which he was charged.

Additionally, in deciding a petition for expungement, SUPER. CT. R. 400.3 requires the Court to consider whether the petitioner is employed, attending school, or in the armed forces; whether petitioner has been charged with or convicted of other offenses since the offense for which he seeks expungement or has any other pending cases; and any other relevant factors. In his Petition for Expungement, Flavius states that he is "gainfully self-employed as a construction worker" and is "in the process of returning to school."[45] In addition to not disclosing his subsequent arrest, Flavius also does not provide any information regarding his personal background, educational status, or volunteer activities, which are critical to the Court's consideration of his expungement petition, nor does he demonstrate that his goals cannot be achieved in the absence of expungement.

---

[42] *Id.* at *5.

[43] *Id.*

[44] *Id.*

[45] Petition for Expungement, July 10, 2015, p. 1.

Accordingly, the Court cannot grant Flavius' Petition for Expungement without additional information.

## IV. THE PEOPLE ARE GRANTED ADDITIONAL TIME TO RESPOND TO THE PETITION.

█ The procedural requirements of 5 V.I.C. § 3735(c) were amended to indicate that the Court may grant a Petition for Expungement if the Department of Justice does not respond by filing an opposition or objection within thirty (30) days of being served with a copy of the Petition. Here, the V.I. Department of Justice was served with a copy of Flavius' Petition on July 10, 2015. Therefore, the People had until August 10, 2015, to file a response. To date, no response has been filed. However, given the fact that there is a new consequence for the Department of Justice's failure to respond in the recently amended 5 V.I.C. § 3735(c), and given that the Court is providing Petitioner an opportunity to supplement his Petition, the Court will, in the interests of justice, extend the period during which the People may respond to the Flavius' Petition for Expungement.

Accordingly, the People may respond to Flavius' Petition for Expungement within thirty (30) days of Petitioner's filing and service of his supplementation.

## CONCLUSION

For the foregoing reasons, Petitioner Boniface Flavius must supplement his Petition for Expungement pursuant to 5 V.I.C. § 3735(b)(2) and SUPER. CT. R. 400.2(b)(7), by providing a sworn statement of the Petitioner that there are no charges pending against him, and SUPER. CT. R. 400.3 and SUPER. CT. R. 400.5(b), by providing a sworn written statement that provides additional relevant information and details any extraordinary circumstances in support of his Petition, failing which the Court will dismiss Petition with prejudice. In addition, the People, through the V.I. Department of Justice, may respond to Flavius' Petition for Expungement after it has been supplemented.

An Order consistent with this Opinion shall follow.