# IN RE: PETITION FOR THE EXPUNGEMENT OF CRIMINAL RECORD, DERRICK ANTONIO CALLWOOD, SR., Petitioner

S. Ct. Civil No. 2016-0007

Supreme Court of the Virgin Islands

January 23, 2017

NIZAR A. DEWOOD, ESQ., DeWood Law Firm, St. Croix, USVI, *For Appellant*.

ROYETTE V. RUSSELL, ESQ., Assistant Attorney General, St. Croix, USVI, *For Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*

**OPINION OF THE COURT**

(January 23, 2017)

HODGE, *Chief Justice*. Derrick Antonio Callwood, Sr. appeals from the Superior Court's December 30, 2015 order, which denied his petition for expungement of his criminal record. For the reasons that follow, we reverse.

300

# I. BACKGROUND

Callwood filed his petition with the Superior Court on June 10, 2015, which sought expungement of records relating to two prior arrests: an October 24, 1997 assault charge, and an October 9, 2014 misdemeanor domestic violence charge. Callwood — who at the time was proceeding *pro se* — filed his petition using a form document provided by the Superior Court. Together with his petition, Callwood provided evidence, in the form of court orders issued in each respective case, demonstrating that each charge had been dismissed with prejudice.

██ The Government of the Virgin Islands failed to file a response to the petition. However, in its December 30, 2015 order, the Superior Court *sua sponte* denied the petition, with prejudice, without any further hearing. Specifically, the Superior Court determined that Callwood failed to show the "extraordinary circumstances" necessary to warrant expungement where a petitioner seeks removal of multiple arrest records under title 5, section 3733(b)(2) of the Virgin Islands Code.[1] Callwood timely filed his notice of appeal with this Court on January 28, 2016.

---

[1] In its order, the Superior Court also determined that Callwood failed to properly serve the Government because his affidavit of service stated that he delivered copies of the summons to the Virgin Islands Department of Justice, but did not explicitly state that the petition itself had been served. SUPER. CT. R. 400.2. However, the Superior Court did not dismiss the petition for insufficient service — which would have resulted in a dismissal without prejudice — but adjudicated Callwood's petition on the merits, as demonstrated by the "with prejudice" dismissal. (J.A. 4.) In any case, by filing an appellate brief with this Court without raising insufficient service as an alternate basis to affirm the underlying judgment, the Government has made a general appearance, and thus waived any challenge to service of process. *See Joseph v. Daily News Publishing Co.*, 57 V.I. 566, 580 n.4 (V.I. 2012) ("[S]ervice of process — unless waived by a general appearance — is a prerequisite to the Superior Court obtaining personal jurisdiction over a defendant."); *Fuller v. Burruss*, 102 Fla. 1145, 137 So. 241, 244 (Fla. 1931) (when "an appeal is taken to the Supreme Court from the order of dismissal [for insufficient service] . . . and both parties to the appeal file briefs in the Supreme Court touching the merits . . . the filing of such briefs in the Supreme Court by the appellees will be treated as a general appearance in this court, which, upon the remand of the cause to the court below, will enable the [trial] court to proceed"); *accord, Chancellor v. People*, 155 Colo. 121, 393 P.2d 7, 8 (Colo. 1964) ("[B]y the mere fact of taking an appeal . . . the defendant waives all right to question the jurisdiction of the country court over his person."); *Linn-McCabe Co. v. Williams*, 116 Ark. 307, 172 S.W. 895, 896 (Ark. 1915) ("[T]he prosecution of the appeal . . . operated as a general appearance, and such an appearance waives the want of process or any defect therein.").

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Pursuant to the Revised Organic Act of 1954, this Court has appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law[.]" 48 U.S.C. § 1613a(d); *see also* V.I. CODE ANN. tit. 4, § 32(a) (granting this Court jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court"). Because the Superior Court's December 30, 2015 order denying Callwood's expungement petition adjudicated all of the claims presented therein, it is a final order within the meaning of section 32, we have jurisdiction over this appeal.[2] *Joseph v. Daily News Publishing Co.*, 57 V.I. 566, 578 (V.I. 2012).

This Court exercises plenary review of the Superior Court's application of law, while its factual findings are reviewed only for clear error. *Allen v. HOVENSA, L.L.C.*, 59 V.I. 430, 436 (V.I. 2013) (citing *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007)).

### B. Mandatory Expungement of Arrest Records

In his appellate brief, Callwood — now represented by counsel — maintains that the Superior Court erred when it denied his expungement petition *sua sponte* without the benefit of a hearing. According to Callwood, the form document provided by the Superior Court does not direct a petitioner with multiple arrests to show extraordinary circumstances, and because the Superior Court summarily denied his petition without notice, he had no opportunity to submit any proof to help meet his burden under section 3733(b)(2). The Government disagrees, maintaining that Virgin Islands law contains no requirement that the Superior Court conduct a hearing on an expungement petition, and that the failure of the Superior Court's form document to mention extraordinary circumstances does not relieve Callwood of his duty to comply with the law.

---

[2] Until the passage of Act No. 7136 on November 25, 2009, the Virgin Islands lacked a statute providing a right to expungement of criminal records. *Santiago v. People*, 51 V.I. 283 (V.I. 2009). When originally enacted, Act No. 7136 provided that decisions of the Superior Court with respect to expungement petitions were not appealable to this Court. Former 5 V.I.C. § 3737 (2014). However, on July 30, 2015, the Legislature enacted Act No. 7742 over the Governor's veto, which among other things repealed the former non-appealability provision.

■ Both parties, as well as the Superior Court in its December 30, 2015 order, proceed under the assumption that section 3733(b)(2) governs Callwood's expungement petition. However, as this Court has repeatedly instructed, "[p]arties may not explicitly or implicitly stipulate to the law." *Bryan v. Fawkes*, 61 V.I. 201, 224 (V.I. 2014) (citing *Murrell v. People*, 54 V.I. 338, 348 (V.I. 2010)). This is especially true in a case, such as this one, "where the decision may impact other pending or future cases." *Matthew v. Herman*, 56 V.I. 674, 682 (V.I. 2012). Therefore, rather than blindly follow the lead of the parties, we must determine whether section 3733(b)(2) actually governs this case. In doing so, a brief overview of the history of expungements in the Virgin Islands is appropriate.

This Court, in one of its earliest decisions, held that the doctrine of separation of powers precluded Virgin Islands courts from ordering the expungement or sealing of arrest records absent statutory authority, and that existing law only authorized expungement of records maintained by the Judicial Branch in extremely limited circumstances. *Santiago v. People*, 51 V.I. 283, 293-94 (V.I. 2009). In response to the *Santiago* decision, the Legislature enacted Act No. 7136, which established a statutory expungement procedure. Act No. 7136 provided for two types of expungements: mandatory and discretionary. Under Act No. 7136, expungement of arrest records was mandatory only

> (1) Where the case has been dismissed without prejudice and the statute of limitation has expired.
> (2) Where the case has been tried and there was an acquittal.
> (3) Where there is a statement of Nolle Prosequi, and the People have not filed an information or complaint and the statute of limitation has expired.

Act No. 7136 § 1 (V.I. Reg. Sess. 2009) (codified as 5 V.I.C. § 3733(a)). All other requests for expungement of arrest records were discretionary; for instance, under Act No. 7136,

> The arrest record, including fingerprints, mugshots and DNA samples, and any other police or judicial proceeding records of a person *may* be expunged upon petition to the Superior Court of the Virgin Islands when:
> (1) A person successfully completes the Pretrial Intervention Program under title 5 V.I.C., Section 4611 et seq.;

303

(2) A person has received a statement of Nolle Prosequi, because the People are unable to meet their burden of proof;

(3) A person whose case has been dismissed with prejudice and the person has no other charges or arrest pending; or

(4) A person has been arrested, and no complaint or information has been filed and the statute of limitation has expired.

*Id.* (codified as former 5 V.I.C. § 3732 (emphasis added)). Moreover, the Superior Court was only authorized to grant a discretionary expungement "[w]here a person has a subsequent arrest" if "there are extraordinary circumstances to which the court finds expungement in the best interest of public policy." *Id.* (codified as 5 V.I.C. § 3733(b)).

However, on July 30, 2015 — almost two months after Callwood filed his expungement petition — the Legislature enacted Act No. 7742, the "Second Chance for Jobs, Housing and Education After a Misdemeanor Conviction Act," over the Governor's veto. Act No. 7742 greatly liberalized the provisions of Act No. 7136, such as by establishing a procedure for expungement of misdemeanor convictions, reducing the waiting times for seeking expungement, and repealing the prohibition on appealing from an expungement order.

But of most significance to this case, Act No. 7742 expanded the number of circumstances triggering mandatory expungements under Virgin Islands Law. Significantly, Act No. 7742 amended section 3732 of title 5 in order to replace "may" with "must," so that the statute now provides, in its entirety, that

The arrest record, including fingerprints, mugshots and DNA samples, and any other police or judicial proceeding records of a person *must* be expunged upon petition to the Superior Court of the Virgin Islands when:

(1) A person successfully completes the Pretrial Intervention Program under title 5 V.I.C., Section 4611 et seq.;

(2) A person has received a statement of Nolle Prosequi, because the People are unable to meet their burden of proof;

(3) A person whose case has been dismissed with prejudice and the person has no other charges or arrests pending; or

(4) A person has been arrested, and no complaint or information has been filed and the statute of limitations has expired.

5 V.I.C. § 3732 (emphasis added).

■ In this case, the record reflects that Callwood's assault case had been dismissed because he successfully completed the Pretrial Intervention Program. (J.A. 21.) Moreover, his domestic violence case had been dismissed with prejudice, (J.A. 22), and he provided proof, in the form of a certified arrest record from the Virgin Islands Police Department, that he had no other pending arrests. (J.A. 16.) And although, at the time Callwood filed his petition, section 3732 provided that these expungements were discretionary rather than mandatory, the Legislature has decreed that the provisions of the expungement law apply retroactively, 5 V.I.C. § 3741, meaning that Callwood should receive the benefit of the change to the law. Thus, each of Callwood's convictions is subject to mandatory expungement pursuant to section 3732(1) and (3).

Nevertheless, in a case involving interpretation of a different provision of the expungement statute — section 3733(a) — the Superior Court held that it "declines to find petitioners immune from the exceptions in 3733(b) simply because the procedural circumstances set forth in [section 3733(a)] are met," despite the fact that section 3733(a) used mandatory language, because it found section 3733 subject to conflicting interpretations as to whether the permissive language found in section 3733(b) was intended to negate or modify the mandatory language used in section 3733(a). *In re Flavius*, 63 V.I. 366, 380 (V.I. Super. Ct. 2015). In finding the language subject to more than one interpretation, the Superior Court determined that

> One feasible interpretation is that the exceptions of subpart (b) only apply to discretionary expungements because the language of subpart (b) does not encompass mandatory expungements. Another equally feasible interpretation is that the exceptions of subpart (b) apply to all criminal records that do not result in conviction because "the fact that a statute uses mandatory requirements is not — in and of itself — dispositive ... [of] whether the Legislature intended for the mandatory requirement to apply in every instance."

*Id.* at 377 (citing *Hamed v. Hamed*, 63 V.I. 529, 539 (V.I. 2015)). Essentially, the Superior Court in *Flavius* relied on this Court's *Hamed* decision to create an ambiguity in the expungement statute despite the Legislature's use of language that is otherwise clear and unambiguous. Although the *Flavius* decision dealt with the relationship between sections 3733(a) and 3733(b), we recognize that a similar argument could be made that section 3733(b) serves as an exception to section 3732.

■ It is well-established that "[i]f the language [of a statute] is clear and unambiguous, there is no need to resort to any other rule o[f] statutory construction." *Shoy v. People*, 55 V.I. 919, 926 (V.I. 2011) (citing *Dodd v. United States*, 545 U.S. 353, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005)); *accord, Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009). This Court did not abrogate that rule in *Hamed*; rather, the *Hamed* case dealt with a situation where one statute identified obtaining a marriage license as a requirement for a marriage, but other statutes (1) did not list failure to obtain a license as a ground for rendering a marriage void or voidable, and (2) described a marriage license only as "competent evidence" of marriage. 63 V.I. at 540-41. In other words, the *Hamed* case involved the classic example of statutes being in a conflict with each other and needing to be harmonized. *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 979 (V.I. 2011).

■ Here, the provisions of the expungement statute are clear on their face, mandating that the Superior Court "must" grant an expungement petition in certain instances, and instructed that it "may" grant an expungement in others. This juxtaposition of "must" and "may" should ordinarily be the end of the matter. *In re Sepe*, 421 So.2d 27, 27 (Fla. Dist. Ct. App. 1982). Nevertheless, it is clear that section 3733(b) should not serve as an exception to section 3732, since section 3733(b)(2) makes expungement discretionary "[w]here a person has a *subsequent* arrest," while section 3732(3) provides for mandatory expungement if "the person has no other charges or arrest *pending*." (emphases added). By using the phrase "no other charges or arrest pending" in section 3732(3), as opposed to a broader phrase such as "no subsequent charges or arrest," the Legislature unquestionably intended for a subsequent arrest or charge not to prevent mandatory expungement of a case that had been dismissed with prejudice, provided that the arrest or charge is no longer pending. Likewise, the fact that Act No. 7742 amended section 3732 to change "may" to "must" reflects that the Legislature intended to enlarge the number of mandatory expungements, which was clearly fueled by its concern that "[m]any people . . . are unable to find work or housing" due to their criminal records. Preface to Act No. 7742.

■ Consequently, the Superior Court erred when it treated Callwood's petition as one for discretionary expungement under section 3733(b)(2), and Callwood was therefore not required to make any showing of extraordinary circumstances. Accordingly, we reverse the December 30,

306

2015 order and direct the Superior Court, on remand, to grant the expungement petition.

## III. CONCLUSION

The Superior Court erred when it treated Callwood's petition as one for a discretionary expungement under section 3733(b)(2) rather than a mandatory expungement under section 3732. Thus, we reverse the December 30, 2015 order and remand the case with instructions to grant Callwood's petition.